## JAMES SHERMAN *vs.* FALL RIVER IRON WORKS COMPANY.

If the non-joinder of a plaintiff in an action of tort is not pleaded in abatement, the plaintiff may maintain the action, but can recover damages only in proportion to his interest in the cause of action; and if he has been allowed to recover full damages, there must be a new trial.

An unlicensed keeper of a livery stable cannot recover damages for an injury to his business caused by the escape of gas through the ground and into the water of a well upon his premises; but may recover for the nuisance to his real estate.

The fact that other causes have contributed to render the water of a well impure and unfit for use is no bar to an action to recover damages for an injury to the water caused by the escape of gas into it; but it may be shown to affect the amount of damages.

TORT to recover damages for injury to the water in a well upon premises hired by the plaintiff, caused by an escape of gas.

After the former decision in this case, (2 Allen, 524,) a second trial was had, and the plaintiff recovered a verdict, which was set aside in the superior court for an irregularity therein.   A third trial was then had, before *Morton*, J., at which it appeared that during a portion of the time covered by the declaration the plaintiff and Joel F. Rainsford were partners in the business of keeping a livery stable upon the premises on which the well was situated, in Fall River, and during the rest of the time the plaintiff carried on the same business alone.   No plea in abatement was filed, but the defendants requested the court to rule that the plaintiff could not join in one action a claim which accrued

during his partnership with one which accrued to him after-wards; that if the plaintiff introduced evidence of damage which occurred during the existence of the partnership he could not introduce evidence of damage which occurred after the dissolution thereof; and that for the time while the partnership existed he could only recover damages in proportion to his share in the firm. The judge declined to make any of these rulings, and ruled that the plaintiff might give in evidence and recover for the whole damage occurring both before and after the dissolution of the partnership.

It appeared that the town of Fall River had duly adopted the *St.* of 1851, *c.* 319, relating to the erection and use of buildings for stables, and that the plaintiff had no license; and the defendants requested the court to instruct the jury that for this reason he could not recover. The judge declined so to rule.

There was evidence tending to show that the water of the well was corrupted from other sources than the escape of gas complained of; and the defendants requested the court to instruct the jury that if they found that other causes over which the defendants had no control contributed towards rendering the water impure and injurious to horses, the plaintiff could not recover.

The judge instructed the jury, (among other instructions not excepted to,) that the plaintiff was not entitled to recover in this action for any injury sustained by him to which his own negligence and want of ordinary care had contributed; and that if the plaintiff had given to his or his customers' horses the water from his well to drink, after he knew that the same was so corrupted by gas as to injure them, or after a man with ordinary care would have known this, for injury or damage flowing from such a use of the water, the plaintiff was not entitled to recover; and that, if other causes aside from gas had rendered the water of the well so impure as to be worthless, then the plaintiff was not entitled to recover in this action; but that, although other causes rendered the water impure, yet if it remained fit for use, and was rendered unfit for use by the negligent escape of the defendants'

gas, the plaintiff might recover for the injury flowing from such escape of gas.

The jury returned a verdict for the plaintiff, with $1555.43 damages ; and the defendants alleged exceptions.

*C. I. Reed*, (*J. C. Blaisdell* with him,) for the defendants.

*E. H. Bennett*, (*L. Lapham* with him,) for the plaintiff.

HOAR, J. When this case was before us at a former term, it was upon exceptions by the plaintiff to the ruling of the court that the action could not be maintained. The plaintiff has now obtained a verdict ; and, as the case has been several times tried, we regret to find that the verdict cannot be sustained. It appeared in evidence at the trial, that, during a part of the time in which the defendants caused the nuisance to the premises occupied by the plaintiff, he had a partner, who was jointly interested with him in the leasehold estate, and who should therefore have been joined as a plaintiff. The presiding judge ruled correctly, that the non-joinder of a plaintiff in an action of tort could only be made available to defeat the action by a plea in abatement. But the defendants asked the court to rule that for the time during the existence of the partnership the plaintiff could recover only the same proportion of the whole damage that then occurred, that his share in the property and interest of the firm aforesaid bore to the whole property and interest of the firm ; but this instruction was refused. The authorities are perfectly clear that it ought to have been given. *Addison* v. *Overend*, 6 T. R. 770. *Call* v. *Buttrick*, 4 Cush. 350. 1 Saund. 291, *g*, *h*. And if one sue in tort alone, when another should have been joined, and it is not pleaded in abatement, and a recovery is had, the other may afterward sue alone, and it cannot be pleaded even in abatement ; but the plaintiff will recover for his share of the injury, *pro interesse suo ;* because the defendant has consented to the severance. *Sedgworth* v. *Overend*, 7 T. R. 279.

The fact being only material as to the *quantum* of damages, bearing upon the question of the extent of the injury which the plaintiff has sustained, is admissible in evidence without being specially set up in the answer.

The plaintiff suggests that the error on this point can be remedied by a remission of a part of the verdict. But there is no mode in which it can be ascertained what the damages were at different periods of time, nor how they should be apportioned. The attention of the jury was not called to any distinction of the kind.

All the other exceptions taken at the trial seem to be unsupported. They were, for the most part, founded upon attempts to use, as a bar to the action, facts which merely affected the amount of damages. One of them may perhaps require a single observation. It appeared that the plaintiff, at the time that the cause of action alleged in his declaration occurred, was keeping a livery stable, without authority and in violation of law. Rev. Sts. *c.* 58, § 4. *St.* 1851, *c.* 319. Gen. Sts. *c.* 88, §§ 31, 32. The court ruled correctly that this would not be a bar to the action, which is for a nuisance to real estate. But it would be a bar to any claim for damages for injury to his business as a livery stable keeper, or caused to him in relation to such business. Whether the defendants can avail themselves of this objection under the answer we have not considered, as that point does not seem to have been taken at the trial, and the answer can be amended, if necessary.

*Exceptions sustained.*