CANTRELL *v.* PERKINS.

(*Nashville*, December Term, 1940.)

Opinion filed January 11, 1941.

J. G. LACKEY, JR., of Nashville, for plaintiff in error.

Roberts & Roberts, of Nashville, for defendant in error.

Mr. Justice DeHaven delivered the opinion of the Court.

This is a suit upon a promissory note in the principal sum of $225 executed by L. T. Cantrell to the order of Lewis W. Perkins. The consideration for the note was the drafting of plans and specifications by Perkins for the construction of a dwelling house to be erected for Cantrell in Davidson County, Tennessee, and for supervision of the construction of the dwelling. Perkins and Cantrell were residents of Tennessee at the time of this transaction and both were employed as draftsmen in the Highway Department of the State of Tennessee.

The defense made to the suit is that Perkins in drafting the plans and specifications in question was performing architectural services without having procured from the Board of Architecture and Engineering Examiners of Tennessee a certificate of registration as required by statute, Code, sections 7098-7112.

The trial judge awarded Perkins a judgment on the note. On the appeal in error of Cantrell, the court of appeals reversed the judgment of the trial court and dismissed the suit. Perkins has filed his petition for *certiorari* to this court and assigned errors.

Sections 7098 and 7099 of the Code are as follows:

"7098. In order to safeguard life, health, and property, and to promote public welfare, by requiring that only properly qualified persons shall practice architecture and engineering in this state, any person practicing architecture or engineering shall be required to submit evidence that he is qualified to practice and shall be

registered as hereinafter provided, and it shall be unlawful for any person to practice or offer to practice architecture or engineering unless such person has been duly registered under the provisions of this chapter, except as hereinafter provided."

"7099. Nothing in this chapter shall be construed as requiring registering for the purpose of practicing architecture or engineering by a person unless the same involves the public safety or health, provided he does not use the appellation, 'architect' or 'engineer,' or an appellation which is a compounding, modifying, or qualifying an adjective of the words 'architect' or 'engineer' or both, and which gives or is designed to give the impression that the person using same is an architect or engineer."

Perkins did not represent himself to the public as practicing architecture and did not use the appellation "architect" or "engineer," or any modification thereof. His transaction with Cantrell, however, did not fall within the exceptions set forth in Code, section 7099, because the drafting of the plans and specifications for a dwelling house for Cantrell involved the public safety and health. *State Board of Examiners, etc.,* v. *Rodgers,* 167 Tenn., 374, 69 S. W. (2d), 1093.

Perkins contends that the statute in question does not require a certificate from one not engaged in the practice of architecture or engineering as a business or profession, and does not apply to isolated instances. We are unable to agree with this contention. The statute here involved is a police measure, not a revenue measure. Single isolated transaction does not call for payment of license tax imposed on the conduct of a business declared to be a privilege. *Wender* v. *Lobertini,* 151 Tenn., 476, 267 S. W., 367; *Trentham* v. *Moore,* 111 Tenn., 346,

76 S. W., 904. The single isolation rule, applicable to liability for a privilege tax, has no application to a statute enacted in the exercise of the police power of the state for the protection of the public safety and health. One transaction in violation of such a statute could jeopardize the public safety and health.

Our conclusion is that *certiorari* must be denied.