WALTER MUELLER and REX ROY, Doing Business as ROY & MUELLER, Respondents, v. LLOYD BURCHFIELD and ERNEST BURCHFIELD, Doing Business as BURCHFIELD PRODUCE COMPANY, Appellants, No. 41492—224 S. W. (2d) 87.

Division Two, November 14, 1949.

*M. J. Huffman* and *John C. Pope* for appellants.

*Farrington & Curtis,* *Richard Farrington,* *E. C. Curtis* and *Roy Miller* for respondents.

■■■■■ WESTHUES, C.—Plaintiffs obtained a verdict and judgment against the defendants in the sum of $2600.00. On appeal to the Springfield Court of Appeals the judgment was reversed (218 S. W. (2d) 180). The cause was transferred to this court by the Court of Appeals because of the importance of the question involved.

Plaintiffs' cause of action was based on fraud. The evidence was that the plaintiffs purchased from the defendants 375 cases of eggs, paying therefor the sum of $4,612.50. Plaintiffs' evidence was that the defendants represented the eggs to be fresh and marketable. It was further shown that the eggs were not fresh and could not be sold as fresh eggs. Plaintiffs sold the eggs for $1,603.59. Suffice it to say here that the evidence was sufficient to sustain the verdict of the jury. For a detailed statement of the facts see the opinion of the Court of Appeals, 218 S. W. (2d) l. c. 181 and 18§. Judge Blair wrote the majority opinion and Judge Vandeventer wrote a concurring opinion.

■■ ■■ One of the defenses was that plaintiffs did not have a state license to engage in the business of buying, selling, dealing in or trading in eggs as required by Sec. 9908, R. S. Mo. 1939, Mo. R. S. A. The Court of Appeals held that plaintiffs could not maintain the present suit. Note one of the concluding paragraphs of the majority opinion.

"We hold that plaintiffs were engaged 'in the business of buying, selling, dealing in' eggs, when they made the contract with defendants here sued on, and cannot enforce such contract."

On page 184, 218 S. W. (2d) Judge Vandeventer quoted from 53 C. J. S., p. 716, Sec. 59c. The rule states that "it is incumbent on a person whose right to recover on a contract is dependent on his having been licensed to plead and prove" that he had complied with the requirements of the license laws. The judge then said: "While this is a case seeking damages for fraud and deceit, I can see no reason why the above principle should not apply as though it were a suit on a contract." The court also cited a recent case decided by this court and relied on by appellants. DeMayo v. Lyons, 358 Mo. 646, 216 S. W. (2d) 436. That was an action ex contractu. We have given this question due consideration and have come to the conclusion that the rule stated in 53 C. J. S. above-mentioned should be applied to actions ex contractu but not to actions ex delicto. The reason for denying relief to a person suing on a contract where a license is required and none is obtained is that the law will not aid such person in enforcing a contract which he had no right to make. As was said in McDearmott v. Sedgwick, 140 Mo. 172, l. c. 181, 39

S. W. 776, 1. c. 778, "This is a principle founded upon public policy, 'not for the sake of the defendant, but for the law's sake, and that only.' " To apply that principle of law to actions ex delicto would not in our opinion be justified or for the public good. The cases cited in the opinion of the Court of Appeals were causes ex contractu.

In our research we have found the following cases wherein the defense of plaintiffs having no license was denied: In Decell v. Hazlehurst Oil Mill and Fertilizer Co., 35 So. (Miss.) 761, an agent was compelled to account to his principal for misappropriation. His defense which was denied was that his principal did not have a license to engage in business. In Howe v. Jolly, 8 So. (Miss.) 513, one partner was held liable for conversion of partnership property. The defense that the partnership had no license to engage in the liquor business was denied. So, in Yeager v. Winton Motor Carriage Co., 53 Pa. Superior Ct. 202, a tort action based on negligence, the defendant claimed that the plaintiff, driving a car when he was hurt, was driving on a highway without a license. The court held that such a defense was not available to defendant. The same rule was followed in Crossen v. Chicago & Joliet Electric Ry. Co., 158 Ill. App. 42, 1. c. 45. See also Sec. 889, Restatement of the Law of Torts. A reading of these authorities will disclose that the general rule is that a defendant is not permitted in a tort action to say he is not liable because the plaintiff at the time the injury was inflicted was performing an illegal act. This rule will also be found stated in 53 C. J. S. 717, Sec. 60, immediately following the section quoted by the Court of Appeals as authority for its ruling. Some of the cases cited there have been heretofore noted. One case is cited as holding the contrary. In Sherman v. Fall River Iron Works Co., 87 Mass. 213, the court held a plaintiff who was operating a livery stable without a license could recover for the damages to the real estate caused by the escape of gas but not for the damages to his illegal business.

The case now before us is somewhat different from the Massachusetts case in that the case decided by the Massachusetts court was based on negligence while the case before us is based on fraud and deceit. A jury found that the defendants through fraud enriched themselves at the expense of plaintiffs in the sum of $2600.00. We must rule that plaintiffs may maintain this action.

■ We now come to a question which has been the cause of much controversy. That is the question of a continuance of the trial of a case when requested by an attorney serving in the legislature. A continuance ■ on that ground was requested in this case by appellants and was denied by the trial court.

The suit was filed in the Circuit Court of Webster County. On plaintiffs' application it was transferred to Wright County. The case reached the Wright County Circuit Court in January 1947, when the legislature was in session. The attorney for appellants, M. J.

Huffman, filed an affidavit April 2, 1947, in support of the application for continuance. In this affidavit Huffman stated that he was retained as counsel immediately after the change of venue was granted; that the legislature having been in session, it was impossible for affiant to prepare the defense as it should have been done. It was further stated in the affidavit that the legislature was then in session and that affiant was in actual attendance thereon.

One of the defendants filed an affidavit wherein he stated that Huffman had been in the practice of law in Wright County for fifteen years; that he had great respect for his ability as an attorney and expected him to be present at and conduct the trial of the case; that due to the legislature's being in session the attorney had not had time to prepare for trial. Sec. 96 of the Civil Code, Laws 1943, p. 383, provides that ''it shall be a sufficient cause for a continuance if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney, solicitor or counsel of such party is a member of either house of the general assembly, and in actual attendance on the session of the same, and that the attendance of such party, attorney, solicitor or counsel is necessary to a fair and proper trial or other proceeding in such suit; and on the filing of such affidavit the court shall continue such suit . . .'' This court has on a number of occasions decided that application for a continuance as filed in this case should be sustained. See State ex rel. v. Barton, 355 Mo. 690, 197 S. W. (2d) 667; State v. Myers, 352 Mo. 735, 179 S. W. (2d) 72; and Kyger v. Koerper, 355 Mo. 772, 197 S. W. (2d) 946. In the latter case in a concurring opinion written by Judge Hyde, in which a majority of the court concurred, it was ruled that the party making an affidavit for continuance was required to state facts showing that the presence of the member of the legislature at the trial was necessary to a fair and proper trial; that merely to make the bare statement was a conclusion and not sufficient. In the concurring opinion the ruling to the contrary in the Myers case was overruled. Measuring appellants' application for continuance by that rule we deem it sufficient.

The affidavit stated that the case was transferred to the Wright County Circuit Court in January 1947, when the legislature was in session; that M. J. Huffman was then immediately employed; that Huffman had been in actual attendance at the session of the legislature since the case was transferred to Wright County and, therefore, had no time to prepare for trial or to participate therein. Such allegations are statements of facts and not mere conclusions.

The trial court heard evidence on the application to continue. One of the attorneys for plaintiffs testified that he had transacted some business with Huffman on April 1. The case was set for April 2. The attorney testified that Huffman had stated to him that he was ready to try some other lawsuit on April 2. No evidence was intro-

duced to show that Huffman was not in attendance at the legislature or that the other case was tried. Even if Huffman was ready to try some other case, that would not prove that he would have had time to try the present case nor did it prove that Huffman was present in court on April 2.

The continuance should have been granted. The judgment is, therefore, reversed and the cause remanded for trial.

It is so ordered. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.