**J. H. YORK, Appellant,**

v.

**J. O. DOTSON, Appellee.**

**No. 15550.**

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 10, 1954.

Rehearing Denied Oct. 8, 1954.

Bullington, Humphrey, Humphrey & Fillmore, and H. W. Fillmore, and Allen, Crampton, Johnson & Purcell, and Z. D. Allen, Wichita Falls, for appellant.

Jack Connell, Wichita Falls, for appellee.

BOYD, Justice.

Appellant J. H. York asks for a reversal of a judgment granting a temporary injunction on the application of J. O. Dotson, appellee, enjoining appellant from engaging in the taxicab business in Wichita Falls in competition with appellee, and from prosecuting appellant's pending application to the City of Wichita Falls for certificate of public convenience and necessity, and from commencing other such proceedings.

On November 27, 1951, appellant, who was then engaged in the taxicab business in Wichita Falls, by written contract, sold said business to appellee and Glen Krottinger, the interest of Krottinger later being acquired by appellee. The contract contained the following provision: "Seller agrees that, as a part of the consideration, he will not directly or indirectly during the remainder of his life, engage in the taxi-cab business in the City of Wichita Falls, Texas, in competition with the Purchasers herein."

Appellant has filed with the City of Wichita Falls an application for a certificate of public convenience and necessity and for the issuance to him of twenty permits

thereunder to authorize the operation of twenty taxicabs in the City of Wichita Falls, Texas, and he intends to enter the taxicab business if such application is granted. ·

Appellee filed this suit alleging that unless enjoined appellant would enter the taxicab business in the City of Wichita Falls in competition with appellee, "who is and has at all times since the date of the contract first hereinabove mentioned, been actively engaged in the taxicab business in the City of Wichita Falls, Texas."

■ One may lawfully agree not to compete in a particular business, in a reasonably limited territory, during the remainder of his life. Such contracts are held not to be in restraint of trade. Moore v. Duggan Abstract Co., Tex.Civ.App., 154 S.W.2d 519; Anderson v. Rowland, 18 Tex.Civ. App. 460, 44 S.W. 911; · Clay v. Richardson, Tex.Civ.App., 290 S.W. 235.

■ Injunction will lie to restrain a person from engaging in a business in violation of a covenant not to do so, a suit for damages being an inadequate remedy. Goldberg v. Soltes, Tex.Civ.App., 32 S.W. 2d 246; Red Ball Stage Lines, Inc., v. Griffin, Tex.Civ.App., 275 S.W. 454. And it is not necessary to show that damages have been sustained. Anderson v. Rowland, supra.

■ Appellant complains of the overruling of his plea in abatement, and says that appellee's suit was prematurely brought, because until such time as the City Council approved his application for a certificate of convenience and necessity, he could· not legally engage in the taxicab business, and if he did attempt to operate taxicabs in the city he would be subject to criminal prosecution, "thereby affording the Appellee an adequate remedy at law." If appellee thought that the contract was about to be violated, it was for him to decide ·whether, so far as he was concerned, the agreement was to be kept. 2 High, Injunctions (3rd Ed.), sec. 1158.· It was not necessary for him to wait for a possible application and enforcement of criminal statutes. Anderson v. Rowland, supra; Kerr, Injunction, 532.

■ It was essential to appellee's right to the injunction that it be established that appellee is engaged in the taxicab business in Wichita Falls, for otherwise appellant's· proposed re-entry into that business would not be in competition with him.

After appellee purchased the business from appellant he operated it in the name of Checker Cab Company and Yellow Cab· Company, both being corporations. Appellee was president of both corporations, and owned ninety per cent of the stock. On February 26, 1954, the two companies, acting by and through appellee as the president of each company, sold the business of both companies to Robert R. Cowden and C. N. Davis, Jr., who have since operated the business under the names of Wichita, Cab Company and Cowden Cab Company. Appellee's companies, acting by and through appellee, caused all the permits and certificates of convenience and necessity held by them to be transferred to Wichita Cab· Company and Cowden Cab Company, the certificates covering 105 permits, and since the date of such transfer neither appellee nor either of his companies has held a permit to operate a taxicab in Wichita Falls. Appellee's companies did not transfer title· to their taxicabs, but have leased them to· the purchasers and they are being used by them in the operation of the business.

$15,000 of the consideration to be paid by Cowden and Davis is represented by one note for $10,000, due twelve months after date, and one note for $5,000, due eighteen months after date. The notes are payable to appellee. It was provided that if at the respective maturity dates of the notes any permit to operate taxicabs in the city had been granted to others, there would be no obligation to pay the notes. It was further provided that if on either maturity date any such application was pending and undisposed of, the maturity of the note would be extended to such time as such application should be disposed of without a permit being issued thereunder, and at such time such

note would become due and payable, such extension not to exceed a period of six months. There was the further provision that if any such application should be pending on either of the original maturity dates, and was still pending at the expiration of the six months' extension period, without a permit having been granted, then such note or notes would be due and payable.

Appellee and Cowden testified that simultaneously with the execution of the sales contract an oral agreement was made between the parties to the effect that appellee and his then general manager Williams would aid in the management of the new cab companies, that appellee would let Williams spend full time, if so needed, in aiding the management; that appellee would, at the request of the purchasers, help in establishing rates and routes, and good relationships, and would furnish counsel and aid at their request, that appellee had advised with them on many occasions, and that at the time of the trial Williams was working with them full time. Appellee testified that before the purchasers would agree to buy, he had to agree to furnish the services of Williams and his own counsel, when they felt that it was needed; and Cowden testified that he "would not have been interested in attempting to run a cab company without the assistance—."

Appellee is not a stockholder or an officer of either the Wichita Cab Company or the Cowden Cab Company, and no stock in the new companies is owned by either the Checker Cab Company or the Yellow Cab Company.

We have reached the conclusion that it is not shown that appellee is engaged in the taxicab business in Wichita Falls, or that appellant's re-entry into the business would be in competition with him.

" * * * 'Engaged in business' means occupied in business; employed in business. * * * It means conducting, prosecuting, and continuing business by performing progressively all the acts normally incident

thereto, * * *." Lewellyn v. Pittsburgh, B. & L. E. R. Co., 3 Cir., 222 F. 177, 185. " * * * We take the phrase 'engaged in business' to be synonymous with 'carrying on business' or 'doing business.' * * *" Supreme Malt Products Co. v. United States, 1 Cir., 153 F.2d 5, 6. "*Engaged in.* Employed at; transacting or carrying on the work or business or service for which one is employed. This term has been variously interpreted as implying a continuous occupation or principal business, importing some continuity of practice and more than occasional participation, or a single act or casual employment, or mere supervision without a physical participation." 30 C.J.S., Engage, p. 247. Other cases discussing the Phrase "engaged in business" are Zonne v. Minneapolis Syndicate, 220 U.S. 187, 31 S. Ct. 361, 55 L.Ed. 428; McCoach v. Minehill & Schuylkill H. R. Co., 228 U.S. 295, 33 S. Ct. 419, 57 L.Ed. 842; Anderson v. Morris & Essex R. Co., 2 Cir., 216 F. 83; New York C. & H. R. R. Co. v. Gill, 1 Cir., 219 F. 184.

We do not think that appellee is engaged in the taxicab business in Wichita Falls when he cannot lawfully operate a single taxicab in that city. Of course, he is interested in the successful operation of the business by his purchasers, and the collection of his debt might be endangered if appellant operated taxicabs in the city in competition with them. We do not think, however, that these facts establish that appellee is engaged in the taxicab business, any more than would any money lender be engaged in a business merely because he stood to lose his loan if his borrower did not prosper. The furnishing of money and counsel and advice to the borrower would not, we feel, prove that the lender was engaged in the borrower's business.

There is no contention here that appellant's agreement not to re-enter the taxicab business inured to the benefit of appellee's assigns.

The judgment is reversed, and the temporary injunction is dissolved.