STATE of Iowa, Appellant,

v.

Ed LINDSEY, Appellee.

No. 53525.

Supreme Court of Iowa.

March 11, 1969.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and Jack F. Broderick, Asst. Scott County Atty., for appellant.

Frank D. Tucker, Jr., Bettendorf, for appellee.

LARSON, Justice.

The sole issue presented by this appeal is whether a single sale of a motor vehicle on Sunday constitutes a violation of the provisions of section 322.3(9) of the 1966 Code of Iowa.

Pursuant to a county attorney's information filed on May 22, 1968, in the Municipal Court of the City of Davenport, Iowa, charging the defendant Ed Lindsey, a licensed motor vehicle dealer, with violating the provisions of section 322.3(9) of the Code by selling a motor vehicle on Sunday, May 12, 1968, in Bettendorf, Iowa, trial was had on October 22, 1968. In a written opinion the trial court found defendant not guilty "for the reason that the State's testimony shows only a single sale on Sunday, May 12, 1968, and that such single sale does not constitute 'engaging in business', * * *" and dismissed the charge against him. The Commissioner of Public Safety, charged with the administration of chapter 322, being vitally interested in the enforcement of the provisions of section 322.3(9), through the Attorney General, requests our consideration of this holding in the appeal. There is no appearance on behalf of defendant and, of course, he may not again be tried on this charge.

■ I. The prime object of section 322.3 of the 1966 Code regulating the business of buying and selling new or used motor vehicles in this state is for the protection of the public, being a police power measure rather than a revenue measure. Diamond Auto Sales, Inc. v. Erbe, 251 Iowa 1330, 105 N.W.2d 650.

Section 322.3(9) provides:

"9. No person licensed under this chapter shall, either directly or through an agent, salesman or employee, engage in this state, or represent or advertise that he is engaged or intends to engage in this state, in the business of buying or selling at retail new or used motor vehicles on the first day of the week, commonly known and designated as Sunday."

■ In Diamond Auto Sales, Inc. v. Erbe, supra, 251 Iowa 1330, 1336, 1337, 105 N.W.2d 650, 652, 653, a constitutional attack on the legislation now designated as section 322.3 of the Code, we upheld the statute and declared the provisions thereof were within the police power of the state. We held the prohibited acts were reasonable and proper because of the danger arising from driving such motor vehicles on Sundays when mechanics are not available, the danger of fraud or mistake in title transfers because they and liens thereon cannot be checked on that day, and because liability insurance may not be readily available on Sunday. As to subsection 9, we pointed out that this business is highly competitive in nature and that, because of "unreasonable and competitive lust" of some, all dealers are forced to keep open long hours on week days and on Sunday, and that some states have found this inimical to the public welfare. We further pointed out that police power now is generally held to include the promotion of prosperity and the general welfare as well as the promotion of the public health, safety or morals. We adhere to that decision and hold this legislation was a valid exercise of the police power of Iowa and not a mere licensing or revenue measure.

■ II. As a general rule, the performance by a person of a single or isolated act relating to a licensed activity will not be considered as engaging in or carrying on such business or profession within the purview of the law requiring a license. 93 A.L.R.2d, Anno: License, section 3, pages 94, 95. Also see Novak v. Redwine, 1954, 89 Ga.App. 755, 81 S.E.2d 222, 225; York v. Dotson, Tex.Civ.App.1954, 271 S.W.2d 347, 349. The trial court, relying upon this rule, was convinced the State must show more than one or an occasional Sunday sale before a violation of section 322.3(9) could be upheld. It stated, although the legislature "probably intended to ban a single Sunday sale", the language used would not permit a prosecution for a single sale. We cannot agree.

■ Where the proper construction of a statute indicates that it applies to a single act, the usual and general meaning of the words "engaged in the business" should not prevail. State v. Blackwell, 196 S.C. 313, 13 S.E.2d 433, 434. This is especially true where the single act may endanger the public and be inimical to the public welfare.

■ Defendant was engaged in the business of selling motor vehicles. Subsection 9 prohibits him from doing so on Sunday. He made a sale on Sunday and thus represented to the customer that he was engaged in his business on Sunday. This is sufficient.

■ III. There is a well recognized exception to the single or isolated transaction rule relating to licensed activities, i. e., where the primary or sole purpose of the legislation involved is to protect the public peace or safety, and where a single or isolated act could jeopardize it. 93 A.L.R.2d, Anno: License, section 5, pages 99, 100. Therefore, determination of the primary purpose of the legislation is of substantial importance where single or isolated transactions are involved.

Although this appears to be a case of first impression in Iowa, other states have considered the matter and generally hold, where the transaction is covered by a regulatory or police power measure, a single act constitutes a violation of the law, and the fact that the act involves a license fee does not prevent application of the exception to the rule. State v. Cotner, 87 Kan. 864, 127 P. 1, 42 L.R.A.,N.S., 768; Mueller v. Burchfield, Mo.App., 218 S.W.2d 180; 359 Mo. 876, 224 S.W.2d 87, 13 A.L.R.2d 153; State v. Blackwell, supra, 196 S.C. 313, 13 S.E.2d 433; Cantrell v. Perkins, 177 Tenn. 47, 146 S.W.2d 134. Although these cases are not exactly in point, the issue we face here seems to have been resolved by construing the statute to reach the legislative intent and purpose of the provision. We must do likewise.

In State v. Blackwell, supra, appellant had been convicted of practicing embalming without first obtaining a license. His contention on appeal was that a single act did not constitute the practice of that profession within the meaning of the statute. In disposing of that contention the South Carolina Supreme Court considered the word "practice" as used in the statute and said at page 434 of 13 S.E.2d:

"* * * But where the proper construction of a statute indicates that it applies to a single act, the dictionary definition of the word as meaning a continued and habitual performance of acts cannot be taken into account.

"It has been held with reference to physicians and surgeons that practicing medicine or surgery does not mean continued or habitual professional acts, but, *as the object of a restrictive statute is a protection of the public*, and as a member of the public is endangered by one act of an unqualified practitioner, so a single act may be practicing. * * * The *prime object of this law* regulating the practice of embalming *is the protection of the public*, * * *. The person performing the act or practice is the person whom the statute seeks to regulate. And a single act of embalming is as much a violation of the law as repeated acts of practice. (Emphasis added.)

In Mueller v. Burchfield, supra, reversed on other grounds, the unlicensed plaintiffs bought a truck load of spoiled eggs from the defendants and brought suit alleging the defendants misrepresented the eggs. Plaintiffs had no license as required by a Missouri statute for those engaged "in the business of buying, selling, dealing in or trading in eggs." The Missouri Court of Appeals held that plaintiffs in this transaction were engaged in the business of selling eggs within the meaning of the statute, saying at page 183 of 218 S.W.2d:

"Our statute was plainly for the protection of the public. It was not merely a revenue measure. In the latter case some of the authorities and cases hold that an

isolated transaction does not amount to an engagement in the particular business. But a truck load of spoiled eggs is to the detriment of those using such eggs, * *.

"The rules governing a sale, such as this, must be held to be entirely different from those governing an isolated transaction where merely the revenue therefrom is a matter of public concern. * * *"

In Cantrell v. Perkins, supra, the Tennessee court considered the contention that drafting plans for the construction of one dwelling house was not a violation of statute requiring a certificate of registration from a Tennessee board before engaging in the practice of architecture as a business or profession, and had this to say at page 135 of 146 S.W.2d:

"* * * We are unable to agree with this contention. The statute here involved is a police measure, not a revenue measure. * * * *The single isolation rule*, applicable to liability for a privilege tax, *has no application to a statute enacted in the exercise of the police power of the state for the protection of the public safety and health.* One transaction in violation of such a statute could jeopardize the public safety and health." (Emphasis added.)

To a like effect, see State v. Cotner, supra, and State v. Lydon, 170 Wash. 354, 16 P.2d 848. Contra, see Walton v. Commonwealth, 187 Va. 275, 46 S.E.2d 373.

The cases cited by the trial court do not appear to be in point. York v. Dotson, supra, involved a covenant not to compete and not a statute involving the police power of the state. Novak v. Redwine, supra, involved a purely revenue statute.

 IV. In construing section 322.-3(9) it is proper for us to consider the purpose and the object to be attained by its enactment. Dingman v. City of Council Bluffs, 249 Iowa 1121, 1127, 90 N.W.2d 742, 747, and citations. Although penal statutes are to be strictly construed, they must be given a reasonable construction to

accomplish the evident legislative intent. As pointed out in Diamond Auto Sales, Inc. v. Erbe, supra, 251 Iowa 1330, 105 N. W.2d 650, this section was enacted in the exercise of the State's police power for the protection of the public peace and safety. Under the better reasoning and the above cited authorities we are satisfied and must hold that one transaction by a licensed dealer of motor vehicles in this state on Sunday is within the exception to the single transaction rule and applies to the sale shown herein.

Reversed.

All Justices concur.