

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

December 12, 1975

The Honorable Ivan Williams
Executive Director
Texas Amusement Machine Commission
P. O. Box 13226
Austin, Texas    78711

Opinion No. H-750

Re: Whether a person may bring
coin-operated machines into
Texas for his own use and later
sell them without obtaining an
import license.

Dear Mr. Williams:

You have requested our opinion regarding whether a person may bring
coin-operated machines into Texas for his own use and later sell them
without obtaining an import license. Your question is limited to the
necessity of obtaining an import license and does not involve any
requirement that an individual obtain other types of permits and licenses
for these machines.

Section 8(1) of article 13.17, Taxation - General, provides that

> [n]o person shall engage in business to
> manufacture, own, buy, sell, or rent, lease,
> trade, lend, or furnish to another, or
> repair, maintain, service, transport within
> the state, store, or import, a music coin-
> operated machine or a skill or pleasure
> coin-operated machine without a license
> or registration certificate issued under
> this Article.

An importer's license authorizes the licensee to

> <u>engage in business</u> to import, transport,
> own, buy, repair, sell, and deliver,
> music and skill or pleasure coin-operated
> machines, for sale and delivery within this
> State. Tax. - Gen. art. 13.17, § 15(3).
> (emphasis supplied)

The statute makes clear that a person must obtain an importer's license if, in bringing coin-operated machines into the state for his own use and later reselling them, he may be deemed thereby to be engaging in business to import, transport or sell such machines. "Engaged in business" has been defined as

> implying a continuous occupation or principal business, importing some continuity of practice and more than occasional participation, or a single act. . . .York v. Dotson, 271 S.W. 2d 347, 349 (Tex. Civ. App. -- Fort Worth 1954, writ ref'd n.r.e.).

In our opinion, the sole act of importation of coin-operated machines for one's personal use, coupled with a subsequent resale, would not necessarily bring the person within the licensing requirements of section 8(1).

Obviously, each case must be judged on its particular facts and the regulating board should be vigilant to insure that no business which is in fact an importer is permitted to utilize the exception as a subterfuge by which to avoid the licensing requirement.  See Attorney General Opinion H-712 (1975).

Likewise, we believe that the Commission should examine the circumstances of every particular importation and subsequent resale in order to satisfy itself that no person who is actually engaged in the business of importing is escaping statutory regulation.

### S U M M A R Y

> Although the importation of coin-operated machines for one's personal use, together with a subsequent resale, does not necessarily bring the person within the licensing requirements of section 8(1) of article 13.17, Taxation - General, each case must be judged on its particular facts.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

The Honorable Ivan Williams – page three  (H-750)


APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb