The Honorable Morril Harriman State Senator 522 Main Street Van Buren, AR 72956
Dear Senator Harriman:
This is in response to your request for an opinion on the following questions:
 1. Do the laws of the State of Arkansas permit students who live outside the state to attend public schools in the state? If yes, what conditions must be met?
 2. What constitutes "residence" for the purpose of attending school in a school district of Arkansas?
If your first question is asked in relation to students who are not Arkansas residents, it is my opinion that the answer is generally, "no". Please note that I have enclosed two opinions which discuss issues involving attendance at a school district based solely upon the residence of either the student's guardian or parent. SEE A.G. Op. No's 85-206 and 87-477. It was concluded therein that students may be expected to reside in the districts wherein they attend school.
It should be noted in this regard that a person under the age of eighteen (18) years may establish a residence for the purpose of attending public school "separate and apart from his or her parents, guardians, or other persons having lawful control of him or her," so long as the person resides in the district "for a primary purpose other than school attendance." A.C.A. 6-18-202(c) (Supp. 1987). Thus, students are not necessarily precluded from attending a particular school district solely because they do not have a parent or legal guardian residing in the district. Residency in Arkansas would, however, be required, in accordance with A.C.A. 6-18-202 (Supp. 1987).
It is my opinion that the "traditional, basic residence criteria — i.e., [living] in the district with a bona fide intention of remaining there," as cited by the United States Supreme Court in the case of MARTINEZ v. BYNUM, 461 U.S. 321, 331 (1983), must be met for school attendance purposes in Arkansas.[1] This case was cited by the Eighth Circuit Court of Appeals in HORTON v. MARSHALL PUBLIC SCHOOLS, 769 F.2d 1323 (8th Cir. 1985), in connection with a school district policy of excluding minor children from school unless a parent or legal guardian lives in the district.[2] The court found this policy to be in violation of the equal protection and due process clauses. A privileges and immunities argument was, however, rejected, based upon the MARTINEZ, SUPRA, ruling in favor of bona fide residence requirements. The Eighth Circuit in HORTON stated:
 [P]laintiffs are essentially arguing that limiting education to domiciliaries of a school district (i.e. children residing in the school district with a present intent to remain) violates the privileges and immunities clause.[3] In light of the decision in MARTINEZ that such restricts are generally constitutional, plaintiffs' argument is unfounded.
HORTON, 769 F.2d at 1333.
Arkansas amended its school attendance law in 1987, (Acts 1987, No. 466; A.C.A. -6-18-202 (Supp. 1987), to establish a residence, rather than a domicile, requirement. Yet the language of HORTON, SUPRA, with regard to "residence" as "'[living] in the district with a bona find intention of remaining there'" (HORTON,769 F.2d at 1326, CITING MARTINEZ, 461 U.S. 321, 331) continues, in my opinion, to be the test in light of the Eighth Circuit's previous decision in SPRIGGS v. ALTHEIMER, ARKANSAS SCHOOL DISTRICT NO. 22,385 F.2d 254 (8th Cir. 1967). At the time of that decision, Arkansas law required RESIDENCE in the district. Acts 1931, No. 169. The court noted in SPRIGGS that "residence" generally differs from "domicile", citing the case of SMITH v. UNION CO.,178 Ark. 540, 11 S.W.2d 455 (1928) wherein the Arkansas Supreme Court stated:
 Residence . . . means the place of actual abode, and not an established domicile or home to which one expects to return and occupy at some future time.
SMITH, 178 Ark. at 542. The SMITH court, in turn, relied upon the following language from one of its previous decisions:
 `[R]residence implies an established abode, FIXED PERMANENTLY FOR A TIME for business or other purpose, although there may be an understanding existing all the while to return at some time or other to the principal domicile.' [Emphasis added.]
SMITH, 178 Ark. at 542, CITING KRONE v. COOPER, 43 Ark. 547 (1884).
Thus, although the "more rigorous domicile test" (Martinez, 7461 U.S. at 331) is inapplicable,[4] the concept of "residence" does apparently include a fixed abode, and a present intent to remain.
The Arkansas Supreme Court has stated that the determination of residency is a question of intention, to be ascertained not only by the statements of the person involved, but also from his conduct concerning the matter of residence. PHILLIPS v. MELTON,222 Ark. 162, 257 S.W.2d 931 (1953). Intention is, moreover, a question of fact. Id. Courts have taken into account such evidence as the person's voting residence (BAUCHER v. BOARD OF EDUCATION, 31 Ohio Misc. 49, 277 N.W.2d 92 (1971)), census information (Id.), the address from which tax returns are made, (BOARD OF EDUCATION v. DILLE, 109 Ohio App. 344, 165 N.W.2d 807
(1959)), and whether this is physical presence as a householder during significant parts of each day, for important purposes consistent with residence. (ID.) "Residence" is defined in BLACK'S LAW DICTIONARY as "[p]ersonal presence at some place of abode with no present intention of definite and early removal and with purpose to remain for undetermined period, not infrequently, but not necessarily combined with design to stay permanently." BLACK'S 1176 (5th ed. 1979). According to BLACK'S, "[r]esidence simply requires bodily presence as an inhabitant in a given place while domicile requires bodily presence in that place and also an intention to make it one's domicile." ID.
It becomes apparent that the question of residency necessarily involves a factual inquiry, taking into account all of the particular circumstances in each instance. This office is not in a position to engage in such a factual analysis in any given case. The foregoing will, however, hopefully offer general guidance in addressing the issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1]Current Arkansas law states in pertinent part that the public schools are "open and free" to those between ages five (5) and twenty-one (21) "whose parent, legal guardians, or other persons having lawful control . . . reside within the school district. . . ." A.C.A. -6-18-202 (1) Supp. 1987).
[2] Such a policy is distinguishable from current Arkansas requirements; as previously noted, provision is made under A.C.A.6-18-202(c) (Supp. 1987) for a student's residence apart from a parent or guardian, so long as the student resides in the district for a primary purpose other than school attendance.
[3] Arkansas law, at the time of the HORTON decision, reflected a domicile requirement.
[4] The U.S. Supreme Court in VLANDIS v. KLINE, 412 U.S. 441, 454
(1973) described one's "domicile" as the ". . . true, fixed and permanent home and place of habitation . . . to which, whenever he is absent, he has the intention of returning."