GEOSURVEYS, INC., Tony M. Preslar, and Calvin W. Donaghey, Appellants,

v.

STATE NATIONAL BANK f/k/a United Bank & Trust, Abilene, Appellee.

No. 11-03-00183-CV.

Court of Appeals of Texas, Eastland.

June 24, 2004.

David L. Hooper, David L. Hooper & Associates, Abilene, for appellant.

Dick R. Holland, James P. Boldrick, Boldrick, Clifton, Holland & Essman, Midland, Thomas M. Wheeler, Gravley, Wheeler, McCray & Leggett, Abilene, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

W.G. ARNOT, III, Chief Justice.

GeoSurveys, Inc., Tony M. Preslar, and Calvin W. Donaghey[1] filed suit against State National Bank f/k/a United Bank & Trust, Abilene, (the Bank), alleging fraud, negligent misrepresentation, and slander in regard to the Bank's handling of a loan renewal. Pursuant to a motion by the Bank, the trial court entered an order on November 15, 2001, abating the case and compelling arbitration. After a hearing, the arbitrator found that the Bank breached its agreement to renew and extend the balance of the loan obligation of GeoSurveys. The arbitrator found that the costs GeoSurveys incurred in moving its loan to another bank were not a direct or proximate result of the breach of the oral agreement. The arbitrator found no evidence of fraud, libel, or slander. The arbitrator concluded that GeoSurveys, Preslar, and Donaghey take nothing on their claim for damages against the Bank. The trial court adopted the findings of the arbitrator; entered judgment for the Bank; and ordered that GeoSurveys, Preslar, and Donaghey take nothing by their suit. GeoSurveys appeals, arguing that the trial court erred in ordering arbitration and that the trial court erred in adopting the arbitrator's findings. We affirm.

In 1995, GeoSurveys negotiated with the City of Brady to build a gas pipeline and supply natural gas to the city. On December 22, 1995, GeoSurveys entered into a verbal agreement with the Bank to provide a loan for the construction of the gas pipeline. On August 25, 1996, GeoSurveys signed a note with the Bank in the amount of $910,587.67. The loan was for a five-year term and required monthly payments of $19,095.45. In 1999, GeoSurveys asked the Bank for a reduction in the monthly payment because of falling oil prices. Both GeoSurveys and the Bank agree that GeoSurveys had timely made all required payments on the loan. On March 30, 1999, GeoSurveys signed a note with the Bank for the remaining balance on the note, $536,907.72. The note was for a one-year term with monthly payments of $9,648.16.

GeoSurveys and the Bank disagree about the events surrounding the March 30, 1999, note. Preslar testified at the hearing before the arbitrator that, when he received the note, he was expecting a

---

1. Preslar is a shareholder of GeoSurveys and serves as a director, chairman of the board, and vice president. Donaghey is a shareholder of GeoSurveys and serves as a director and president. The parties will be referred to as GeoSurveys.

six-year term. Preslar was concerned about the one-year note with a "balloon payment" at the end of the term. Preslar testified that Ray Howe, former Chairman of the Bank, assured Preslar that the note would be renewed at the end of the term and that the one-year term was to allow for changes in the interest rate. Howe testified that he never guaranteed that the note would be renewed for further one-year terms.

In February 2000, Preslar met with Howe and Jim Richmond from the Bank to discuss the renewal of the March 1999 note. Again, GeoSurveys and the Bank disagree about the events surrounding the renewal of the note. Preslar testified that, at the February 2000 meeting, Richmond agreed to renew the note for another year but informed him that the interest rate would increase. Richmond told Preslar that he would have the paperwork ready in two to three weeks. Preslar stated that on March 23 he received a notice from the Bank requesting GeoSurveys to pay the balance of the note by March 30. Preslar said that, when he contacted the Bank, Richmond told him to tear up the notice and that he was finalizing the paperwork on the renewal note. Preslar testified that, on April 21, Richmond told him that the Bank would only renew the note for 90 days. GeoSurveys began talking to First National Bank of Baird about moving the loan to that bank.

Richmond testified that he did not make a commitment at the February 2000 meeting to renew the March 1999 note for another year. Richmond stated that the Bank's chief lending officer was concerned about GeoSurveys's cash flow and recommended a 90-day extension to gather more information. Richmond testified that Geo-Surveys's risk rating had changed from "substandard" to "doubtful."

GeoSurveys began negotiating with First National Bank of Baird to receive a loan from the Small Business Administration (SBA). In order to receive a loan through SBA, GeoSurveys would have to be current on its loan with the Bank. On June 2, 2000, the Bank and GeoSurveys executed a new note. The new note was for the period of March 30, 2000, to July 30, 2000, and required monthly payments of $9,705.68. The note was renewed again on July 30 and September 30. On September 28, GeoSurveys was approved for a loan through the SBA.

 In its first issue on appeal, Geo-Surveys contends that the trial court erred in ordering the cause to arbitration because the Bank waived its right to arbitration by engaging in extensive pretrial discovery. The arbitration agreement in this case states that all disputes and claims arising from the note shall be arbitrated pursuant to the rules of the American Arbitration Association. The agreement also states that the Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of the arbitration agreement. The Federal Arbitration Act requires courts to stay lawsuits involving arbitrable issues pending arbitration "providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3; *In re Bruce Terminix Company*, 988 S.W.2d 702, 704 (Tex. 1998). In applying this provision, courts commonly use the term "waiver" rather than the statutory term "default." *In re Bruce Terminix Company, supra* at 704. Because public policy favors arbitration, the Federal Arbitration Act imposes a strong presumption against waiver. *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *In re Bruce Terminix Company, supra; EZ Pawn Corporation v. Mancias*, 934

S.W.2d 87, 90 (Tex.1996); *Prudential Securities Incorporated v. Marshall*, 909 S.W.2d 896, 898 (Tex.1995). Courts will not find that a party has waived its right to enforce an arbitration clause by merely taking part in litigation unless it has substantially invoked the judicial process to its opponent's detriment. *In re Bruce Terminix Company, supra; EZ Pawn Corporation v. Mancias, supra.*

GeoSurveys filed suit on March 30, 2001, and the Bank answered on April 4, 2001. The Bank filed its motion to compel arbitration on May 31, 2001. The record shows that the Bank sent requests for interrogatories to Preslar and to GeoSurveys and also sent a request for production to GeoSurveys. GeoSurveys contends that it responded to these requests and that the response included 1,160 pages of Bates-stamped documents. GeoSurveys complains that it incurred $9,700.00 in legal expenses in responding to the Bank's discovery requests and that it has incurred great expense in copying the requested documents.

This case falls short of the level of discovery that courts have held waives the right to arbitrate. *See Walker v. J.C. Bradford & Co.*, 938 F.2d 575 (5th Cir. 1991); *In re Bruce Terminix Company, supra.* The Bank did not seek a judicial resolution of its dispute before requesting arbitration. *See Walker v. J.C. Bradford & Co., supra; In re Bruce Terminix Company, supra.* Although GeoSurveys complains that it was prejudiced because it incurred great expense in producing documents to the Bank that could not have been obtained for arbitration, the American Arbitration Association rules allow for production of relevant documents. *In re Bruce Terminix Company, supra.* GeoSurveys has not overcome its heavy burden of proof required to establish waiver. *See Walker v. J.C. Bradford & Co., supra;*

*In re Bruce Terminix Company, supra; EZ Pawn Corporation v. Mancias, supra.* GeoSurveys's first issue on appeal is overruled.

▮ In its second issue on appeal, GeoSurveys contends that the trial court erred in ordering the cause to arbitration under the Federal Arbitration Act because there was no issue of interstate commerce. The arbitration agreement in this case states that the rules of the American Arbitration Association apply to any dispute and that the Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of the arbitration agreement. The note is signed by Preslar representing GeoSurveys. Where the parties designate in the arbitration agreement which arbitration statute they wish to have control, the court should apply their choice. *In re Van Blarcum*, 19 S.W.3d 484, 489 (Tex.App.-Corpus Christi 2000), *mand. cond. granted sub nom. In re American Homestar of Lancaster*, 50 S.W.3d 480 (Tex.2001). GeoSurveys's second issue on appeal is overruled.

▮ In its third issue on appeal, GeoSurveys complains that the trial court erred in ordering the cause to arbitration because the Bank obtained the agreement to arbitrate by use of duress. As stated, GeoSurveys and the Bank disagree over the circumstances surrounding the renewal of the March 1999 note. GeoSurveys pursued obtaining a loan through the SBA after the Bank would only agree to a 90–day note. The note was renewed on July 30 and September 30 while GeoSurveys was finalizing its loan with the SBA. The September 30 note was the only note containing the arbitration clause. GeoSurveys states in its brief that the September 30 note, which extended the note from September 30, 2000, to October 30, 2000, was not delivered to GeoSurveys until October 30, 2000. At that time, GeoSurveys was in

technical default because the previous note matured on September 30. GeoSurveys states that the loan had to be current in order for GeoSurveys to receive the SBA loan. GeoSurveys argues that it signed the September 30 renewal note under duress because it would have been unable to receive the SBA loan had it not agreed to the renewal. Preslar and Donaghey both testified that they signed the September 30 note under economic duress. Donaghey stated that he believed he would lose "everything" if he did not sign the September 30 note.

■ To establish that it signed the note under duress, GeoSurveys must show that the Bank threatened to do something it had no right to do. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 574 (Tex.1999); *In re Delta Homes*, 5 S.W.3d 237, 239 (Tex.App.-Tyler 1999, no pet'n); *Tenneco Oil Company v. Gulsby Engineering, Inc.*, 846 S.W.2d 599, 604 (Tex. App.-Houston [14th Dist.] 1993, writ den'd). There is nothing "per se unconscionable about arbitration agreements." GeoSurveys did not meet its burden of establishing duress. *In re Oakwood Mobile Homes, Inc., supra; EZ Pawn Corporation v. Mancias, supra.* GeoSurveys's third issue on appeal is overruled.

■ In its fourth issue on appeal, GeoSurveys argues that the trial court erred in adopting the arbitrator's findings of fact and conclusions of law. GeoSurveys contends that the arbitrator made a conclusion that the Bank breached a contract with GeoSurveys but failed to award damages or attorney's fees to GeoSurveys. The courts of appeals review the trial court's decision to confirm an arbitration award de novo under the Federal Arbitration Act. *Gateway Technologies, Inc. v. MCI Telecommunications Corp.*, 64 F.3d 993, 996 (5th Cir.1995). The review of an arbitration award, however, is usually "ex-

traordinarily narrow." *Hughes Training, Incorporated v. Cook*, 254 F.3d 588, 593 (5th Cir.2001), *cert. den'd*, 534 U.S. 1172, 122 S.Ct. 1196, 152 L.Ed.2d 135 (2002). The court may not review the arbitrator's decision on the merits even if it is alleged that the decision is based on factual error or misinterprets the parties' agreement. *Major League Baseball Players Association v. Garvey*, 532 U.S. 504, 509, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001); *United Paperworkers International Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). It is presumed under the Federal Arbitration Act that arbitration awards will be confirmed. *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 251 (Tex.App.-Houston [14th Dist.] 2003, pet'n den'd).

In the findings of fact and conclusions of law as adopted by the trial court, the arbitrator found that, at the February 2000 meeting, the Bank agreed to renew the GeoSurveys's note for another year. The arbitrator found that the Bank breached this agreement. The arbitrator found that the damages claimed by Geo-Surveys were for the costs of moving the loan to a different bank. The arbitrator stated that the costs incurred by GeoSurveys moving its loan to First National Bank of Baird were not a direct or proximate result of the breach of the oral agreement by the Bank. The arbitrator further stated that the costs incurred in moving the loan were substantially the same as GeoSurveys would have incurred if the loan were renewed for another year in March 2000, but not in March 2001. The evidence supports the arbitrator's findings of fact and conclusions of law. The trial court did not err in adopting the arbitrator's findings. GeoSurveys's fourth issue on appeal is overruled.

In its fifth issue on appeal, Geo-Surveys argues that the arbitrator erred in failing to find that the Bank committed fraud and that the trial court erred in approving the arbitrator's findings of fact and conclusions of law because GeoSurveys brought the fraudulent actions of the Bank to the attention of the trial court in its pleadings. In order to establish fraud, GeoSurveys must show that there was a(1) material misrepresentation, (2) that was false, (3) which was known to be false or was asserted without knowledge of the truth, (4) which was intended to be acted upon, (5) which was relied upon, (6) and caused injury. *Johnson & Johnson Medical, Inc. v. Sanchez,* 924 S.W.2d 925, 929–30 (Tex.1996). The arbitrator found that the damages claimed by GeoSurveys were related to moving the loan to First National Bank of Baird and that the damages were not the result of the Bank's breach of the oral contract. The evidence supports this finding. Therefore, GeoSurveys has not met its burden of proving fraud. Because our review of the arbitrator's decision is "extra-ordinarily narrow," we cannot say that the arbitrator erred in finding that there was no evidence of fraud and that the trial court erred in adopting the arbitrator's findings. GeoSurveys's fifth issue on appeal is overruled.

The judgment of the trial court is affirmed.