EDWARD H. ECKSTEIN ET AL., APPELLANTS, v. CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

277 N. W. 2d 91

Filed March 27, 1979. No. 41933.

Miles W. Johnston and Johnston, Grossman, Johnston, Barber & Wherry, for appellants.

Charles D. Humble, City Attorney, and James D. Faimon, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and RONIN, District Judge.

BOSLAUGH, J.

The plaintiffs own residence properties on 44th Street north of Colfax Avenue in Lincoln, Nebraska. This action was brought to enjoin the City from enforcing an ordinance relating to the use of private wells within the city limits. The ordinance, section 8.52.010 of the Lincoln municipal code, provides as follows: "The use of private wells within the limits of the city for domestic purposes shall be permitted only when the city's water distribution system is not available to the premises on which water is required. The city water distribution system shall, for the purposes of this chapter, be considered available when a water distribution main is located within three hundred feet of any part of said premises on which water is required."

The plaintiffs' homes were constructed between 1956 and 1963 and all are served by private wells. The area was annexed and became a part of the City in 1964. There was no city water service available to any of the properties prior to 1969. Commencing in 1975 the plaintiffs began to receive letters from city officials advising them that their water supply did not comply with the ordinance and that they would be required to bring it into compliance. This action was commenced on August 26, 1977.

The petition alleged that the ordinance was unconstitutional and confiscatory and deprived the plaintiffs of their property rights without due process of law. The City filed no answer but the case was tried

on the theory that the City had alleged the ordinance was valid as a health measure.

The parties stipulated that the plaintiffs' homes were served by a sanitary sewer constructed by an improvement district in 1957, and that the well on each property has been used since the residence was constructed. The parties further stipulated that the water system and well on each property had been regularly tested and approved by the State of Nebraska for potability and health requirements; that the tests performed were the standard bacteriological quality tests of water; and that the tests passed the potability, sanitary, and health requirements for the year 1977. During the trial the counsel for the City stated it was "not contesting these wells are comtaminated (sic)."

The trial court found that the ordinance was a valid exercise of the police power because there was a likelihood that the wells might become contaminated. The plaintiffs appeal from the judgment dismissing the action.

The City presented evidence concerning the city water system in which the water is treated with chlorine and tested constantly to reduce the possibility that the water might become contaminated with bacteria or chemicals. A sanitarian employed by Lincoln-Lancaster County health department testified that it is more likely for untreated ground water to become contaminated than city water which has been treated.

The director of the Lincoln-Lancaster County health department testified that from a public health standpoint a treated public water source was preferable to a private well. Although the home of this witness was served by a private well, he stated that he would connect to the city water system if it was available in his area.

The plaintiffs do not dispute the right of the City to adopt ordinances to protect the health and general

welfare of its citizens. The issue here is whether the ordinance in question was necessary and reasonably designed to protect the health and general welfare of the City.

The right to full and free use and enjoyment of one's property in a manner and for such purposes as the owner may choose, so long as it is not for the maintenance of a nuisance or injurious to others, is a privilege protected by law, and one of which a property owner may not be deprived without due process of law. The owner's right to use his property is subject, however, to reasonable regulation, restriction, and control by the state in the legitimate exercise of its police powers. The test of legitimacy is the existence of a real and substantial relationship between the exercise of those powers in a particular manner, and the peace, public health, public morality, public safety, or the general welfare of the city. Stahla v. Board of Zoning Adjustment, 186 Neb. 219, 182 N. W. 2d 209.

A police regulation cannot arbitrarily invade private property or personal rights. United States Brewers' Assn., Inc. v. State, 192 Neb. 328, 220 N. W. 2d 544.

There must be a reasonable relationship between the object the ordinance seeks to accomplish and the means by which it operates. Clough v. North Central Gas Co., 150 Neb. 418, 34 N. W. 2d 862. There must be a clear, real, and substantial connection between the assumed purpose of the enactment and its actual provisions. Carolene Products Co. v. Banning, 131 Neb. 429, 268 N. W. 313.

In Board of Health v. Crew, 212 Md. 229, 129 A. 2d 115, cited by the City, a regulation requiring property owners to connect to a public water system when it was available was held valid. The well involved in that case was a shallow well located near several septic tanks or cesspools and the evidence showed that contamination was in-

evitable. A similar factual situation does not exist in this case.

The evidence in this case shows that in certain situations it is likely a well will become contaminated. The evidence, however, contains very little concerning the particular wells of the plaintiffs which are involved in this action. The plaintiffs do not contest the right of the City to prohibit the use of water from contaminated wells. The plaintiffs' contention is that the City has no right to prohibit the use of water from private wells because there is merely a possibility that the wells may become contaminated.

As we view the record the ordinance is overbroad. The evidence does not support a finding that the possibility of the plaintiffs' wells becoming contaminated is sufficiently probable to justify an absolute prohibition against their use for domestic purposes.

The judgment is therefore reversed and the cause remanded with directions to enter judgment for the plaintiffs in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

KRIVOSHA, C. J., concurs in result.