632 A.2d 1051

**Charles K. HERBERT, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 14, 1993.

Decided Oct. 20, 1993.

Edward B. Golla, for appellant.

Barbara Orsburn Stump, for appellee.

Before CRAIG, President Judge, and SMITH, and PELLEGRINI, JJ.

PELLEGRINI, Judge.

Charles K. Herbert (Herbert) appeals his summary conviction by the Court of Common Pleas of York County (trial court) for violating Ordinance No. 1984–01 of the Borough of Stewartstown (Ordinance), as amended by Ordinance No. 1987–003, by failing to connect to the Borough water system.

Herbert purchased property in Stewartstown in 1929. At the time of the purchase, the existing house was connected to a privately owned and operated water system. In 1962, he voluntarily disconnected his residence from the system because of concerns about the quality of the water. A private well was dug and has been used since to serve the property.

In 1984, the Borough purchased the assets of the private water company. The purchase was financed by the Farmers Home Administration which had conditioned the loan upon the

Borough's adoption of an ordinance providing for mandatory connection to the system. The Borough enacted the Ordinance that declares all private water wells to be nuisances per se and requires the landowners to abandon them and to hook up to the public water supply. Following the enactment of the Ordinance, Herbert did not connect to the system and continued to use his private well as a water supply source. Also, in 1986 or 1987, the Borough replaced the existing water main line and laterals to the curb of Herbert's property.

On November 13, 1989, the Borough sent a notice to Herbert ordering him to comply with Section 2 of the Ordinance which required him to connect with the public water system within 60 days. The notice also informed Herbert that each landowner would be obligated to pay a $1,000 System Utilization Fee, a $1,000 Capital Improvement Fee, and the actual cost of connecting to the main line and running it to a curb box, and that a landowner would be billed the minimum usage per quarter charge of $26.07 beginning January 1, 1990, regardless of whether the residence was connected to the system. The Borough sent a final notice on January 11, 1990.

When Herbert failed to comply with the Ordinance, the Borough cited him on September 5, 1990, for a violation of Sections 2 and 7 of the Ordinance. Section 7 provides that a violation of the Ordinance constitutes a summary criminal offense. Upon his conviction for the summary offense by a district magistrate, Herbert appealed to the trial court. After a hearing, the trial court denied his motion to dismiss and rendered a guilty verdict, holding that the requirements of Section 2 were within the authority granted the Borough under The Borough Code,[1] upholding the fees, and refusing to address the validity of Section 4 of the Ordinance because Herbert was not charged with a violation of that section. After post-verdict motions were dismissed by the trial court, Herbert filed this appeal.

Herbert raises the following issues: (1) whether the condemnation of the private wells as nuisances per se and prohib-

1. Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §§ 45101–48501.

iting the use of a well constitutes a taking; (2) whether the imposition of the Capital Improvement and System Utilization Fees exceeds the authority of the enabling legislation and is unreasonable and discriminatory; and, (3) whether the Ordinance exceeds the authority of the state enabling legislation by requiring connection to the public water system. Only the last issue, however, is properly before this court.

Herbert's first and second contentions raise issues not involved in his conviction. Herbert was not convicted of either violating Section 4 of the Ordinance [2] by using his private well or failing to pay the required fees which were listed in his notification letter. The citation given Herbert only charged him with violating Sections 2 and 7 of the Ordinance and described his offense as:

> Defendant is the owner of an occupied building at 11–A Church St., Stewartstown Borough and has failed and refused to connect to the Borough water system within 60 days after notice to do so.

Because Herbert was not convicted for using his well or maintaining a nuisance under Section 4 of the Ordinance or for failing to pay the assigned fees, those issues are not properly before us in a review of his summary conviction.[3]

■■ As to the only issue involved in his conviction, i.e., whether the Borough is authorized to require him to connect to the public system, Section 2 of the Ordinance provides:

> [a]ll persons owning any occupied building upon property in the Borough which is now or hereafter becomes accessible

---

**2.** Section 4 of the Ordinance states:

> Any person who connects with or uses any water system other than the Water System in violation of this Ordinance shall be deemed and shall be declared to be maintaining a nuisance, which nuisance the Borough is hereby authorized and directed to abate in the manner provided by law.

**3.** Herbert maintains that the parties made an agreement to challenge the entire Ordinance in the context of his conviction. Although the trial court referred to an agreement, the record does not contain an agreement on which we could rely. Moreover, as stated by the trial court, an agreement between the parties does not compel the court to decide the issue.

to the Water System shall, at their own expense, connect such building with the Water System within sixty (60) days after notice to do so from the Borough.

Herbert contends that the state enabling legislation only permits the Borough to supply water to the property, and that requiring mandatory connection to and usage of the public water system exceeds the authority granted to the Borough.[4]

■ Section 1202 of the Borough Code, 53 P.S. § 46202, vests enumerated specific powers in the Borough and allows it to enact ordinances to exercise those powers. In pertinent part, Section 1202 gives the Borough the specific power regarding:

> **(6) Health and cleanliness regulations.** To make such regulations as may be necessary for the health, safety, morals, general welfare and cleanliness and the beauty, convenience, comfort and safety of the borough.

> **(39) Water supply.** To provide a supply of water and to make regulations for the protection of the pipes, reservoirs and other constructions or apparatus; to prevent the waste of water so supplied, and to regulate the drilling of wells within the district.

Additionally, Section 2461 of the Borough Code, 53 P.S. § 47461, entitled **Ordinances to require water connections,** provides:

> [a]ny borough supplying water for the use of the public within such borough ... may, by ordinance, require any owner of property abutting upon any street in which there is a water main constructed or acquired by the borough, to make connections with such water line, for the purpose of conducting water to such property....

---

4. A municipal corporation enjoys only those powers expressly granted, those necessarily or fairly implied by or incident to such expressly granted powers, and those essential to the declared objects and purposes of the corporation. *In re Ordinance No. 384 of Borough of Dale,* 33 Pa.Commonwealth Ct. 430, 382 A.2d 145 (1978). Legislative actions taken pursuant to these grants of power are presumed to be valid. *Id.; Larrecq v. Van Orden,* 21 Pa.Commonwealth Ct. 623, 346 A.2d 922 (1975).

These sections of the Borough Code granted the Borough the authority to enact Section 2 of the Ordinance which requires Herbert to connect his property with the public water system. The use of the term "to connect" in Section 2 echoes the terms in the Code which permits a requirement for "connections with such water line, for the purpose of conducting water to such property". "Connection" is not defined either in the Ordinance or the Borough Code. The common usage of connection or to connect is to be joined or attached.[5] The statutory authority, therefore, allows a borough to require that landowners attach their property to the public water service in such a way that it can conduct water to the property.[6] Accordingly, we affirm the order of the trial court.

## ORDER

AND NOW, this 20th day of October, 1993, the order of the Court of Common Pleas of York County, No. 394 Summary Conviction Appeal 1990, is affirmed.

SMITH, J., concurs in the result only.

---

[5] In construing statutes or a local ordinance, words and phrases should be given their common and approved usage. 1 Pa.C.S. § 1903(a); *Tobin v. Radnor Township Board of Commissioners*, 142 Pa.Commonwealth Ct. 567, 597 A.2d 1258 (1991).

[6] Because Herbert was only convicted of failing to connect to the water line, we need not address whether the Ordinance exceeded the enabling legislation by requiring him to use only the public water supply. *See Eckstein v. City of Lincoln*, 202 Neb. 741, 277 N.W.2d 91 (1979); *City of Midway v. Midway Nursing & Convalescent Center*, 230 Ga. 77, 195 S.E.2d 452 (1973); *McMahon v. City of Virginia Beach*, 221 Va. 102, 267 S.E.2d 130 (1980); *Weber City Sanitation Commission v. Craft*, 196 Va. 1140, 1147, 87 S.E.2d 153, 158 (1955). *Contra Town of Ennis v. Stewart*, 247 Mont. 355, 807 P.2d 179 (1991).