**VERNON TOWNSHIP WATER AUTHORITY**

v.

**VERNON TOWNSHIP; and Charles A. Longo; Norman I. Cronin; Gary L. Dillaman; Howard Stewart and N. Jean Smartwood, individually and as Members of the Vernon Township Board of Supervisors, Appellants.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 17, 1999.
Decided July 15, 1999.

R. Charles Thomas, Meadville, for appellants.

Douglas W. Ferguson, Meadville, for appellee.

Before PELLEGRINI, J., FLAHERTY, J., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Vernon Township (Township) appeals from an order of the Court of Common Pleas of Crawford County (trial court) declaring the Township's Ordinance 1997–1, providing that the citizens of the Township had the option of whether or not to connect to the water system, null and void on the grounds that the Township's Board of Supervisors (Board) lacked the authority to enact such Ordinance.

The Vernon Township Water Authority (Authority) was created by resolution of the Board in 1978 and was incorporated as an independent municipal authority under the Municipal Authorities Act of 1945 [1] for the purpose of providing water service in the Township. In 1990, the Township passed Ordinance 1990–3 (mandatory tap ordinance) [2] requiring all present and future properties that abutted the water system to connect to the system.

In 1995, the Authority sought to expand the system into new areas of the Township not previously served. Because expansion was opposed by a majority of the residents in the new area to be served, the Board purported to amend the mandatory tap ordinance by enacting Ordinance 1997–1 (optional tap ordinance) [3] which gave resi-

---

**1.** Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. § 306.

**2.** The relevant provision of the mandatory tap ordinance provides, "the owner of any improved property whose property presently abuts upon the water system or in the future will abut upon the water system … shall connect such improved property with and shall use such water system." Ordinance No. 3—1990 Series, June 17, 1990.

**3.** The relevant portion of the optional tap ordinance provides, "the owner of any improved property in the Township of Vernon abutting the public water system by reason of

dents in the area in which the new water lines were to be installed the option to connect to the system but did not require them to do so. The residents who abutted the original water system, however, were still required to tap into the Authority's water line.

The Authority filed a declaratory judgment action against the Township requesting that the Court declare the optional tap ordinance null and void and that the Board lacked the authority to give the citizens the option of connecting to the water system. The Authority alleged that because it was incorporated, it became an independent Commonwealth agency that had the sole discretion to discern the present and future needs for water service, including the expansion of the water lines in the Township, free from the control of the

the extension of said water system after the effective date of this Ordinance *may* connect said property to the public water system, but is not obligated to do so...." Ordinance No. 1—1997 Series, February 26, 1997.

4. Our scope of review of a declaratory judgment is limited to determining whether the trial court's findings of fact are supported by substantial evidence, whether the trial court committed an error of law or abused its discretion. *Klein v. Straban Township,* 705 A.2d 947 (Pa.Cmwlth.1998).

5. Act of May 1, 1933, P.L. 103, *added by* Act of November 9, 1995, P.L. 350, *as amended,* 53 P.S. § 67611. Section 2611 provides, in pertinent part:
   The board of supervisors may designate, define and create one or more water districts within the township, and the board of supervisors shall determine the proportion of the cost of the water system which shall be equitably charged on each district and declare and establish the apportionment by resolution.

6. The Township also contends that the trial court lacked jurisdiction to render its decision because the Authority failed to join all citizens of the Township as indispensable parties to its declaratory judgment action. A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. *Pennsylvania Association of Rehabilitation Facilities v. Foster,* 147 Pa.Cmwlth. 487, 608 A.2d 613 (1992). The present dis-

Board. The case proceeded to trial and the trial court declared the optional tap ordinance null and void and that the mandatory tap ordinance was in full force and effect. This appeal followed.[4]

The Township contends that the trial court erred in declaring the optional tap ordinance null and void because it was permitted by Section 2611 of the Second Class Township Code (Code)[5] to create two water districts, which it did here; one in which connection was mandatory and one in which connection was optional.[6] The Authority,[7] on the other hand, argues, *inter alia,* that while the Township does have the authority either to mandate or not mandate that all citizens connect to the Authority's water lines, it does not have the power to give its citizens the option of

pute deals solely with the power of the Board under the Second Class Township Code to enact an ordinance mandating citizens in one area of the Township in one connection to the water system to connect to the water system, while making connection optional in another area. As a result, the citizens have no direct legal interest in the present dispute. *See Cohen v. Rendell,* 684 A.2d 1102 (Pa.Cmwlth. 1996) (citizens must assert more than a generalized interest common to all citizens in order to have standing to challenge a city ordinance).

7. The Authority also contends that the Township impermissibly interfered with its decision to expand the water lines. A municipal authority created and incorporated under the Municipal Authorities Act becomes an independent agency of the Commonwealth that is not subject to the control of the incorporating township. *Smith v. Athens Township Authority,* 685 A.2d 651 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 548 Pa. 622, 693 A.2d 591 (1997). Section 4 of the Municipal Authorities Act, 53 P.S. § 306(B)(h), gives the Authority the power to, *inter alia,* "determine by itself exclusively the services and improvements required to provide adequate, safe and reasonable service, *including extensions thereof,* in the areas served." (Emphasis added). Under this provision then, the Authority has the right to determine the need for an expansion of the water system into new areas of the Township, but this provision does not empower the Authority to require connection to the water lines.

connection to the system. We agree that the Township does not have the authority to act as it did here.

 Section 2603 of the Code, 53 P.S. § 67603, provides that a township's "board of supervisors may by ordinance require that abutting property owners of a water system provided by ... a municipality authority ... connect with and use the system." This provision only gives the Township the power to require or leave it optional to connect for the entire water system; it does not give it the power to mandate connections in some areas and not others.

■ Nonetheless, the Township still contends that the optional tap ordinance is valid because all that it does is create two "water districts," allowing for the difference in treatment between different areas of the Township. However, the optional tap ordinance did not create a water district, and, even if it had, it was still invalid because the decision to require connection to the system can only be made on a "water system" wide basis. Section 2611 of the Code (*see* footnote 5) allows Second Class Townships to create water districts only for the purpose of determining the "proportionality of the *water system* which shall be equitably charged on each *district*." Here, the optional tap ordinance did not create a separate water district because the costs were not being apportioned; its only purpose was to make it optional for property owners in the new area to be served to connect to the water system. In any event, even if the optional tap ordinance created separate water districts, Section 2603 of the Code specifically requires the decision to require that mandatory connection be made on a "water system" wide basis and not on a "water district" wide basis. Accordingly, the trial court properly struck down the optional tap ordinance in declaring that ordinance null and void, and its order is affirmed.

## ORDER

AND NOW, this 15th day of July, 1999, the order of the Court of Common Pleas of Crawford County, at No. AD 1997–272, dated October 8, 1998, is affirmed.