**GREENFIELD TOWNSHIP MUNICIPAL AUTHORITY**

v.

**D.R. BURKET TRUST, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2008.

Decided Oct. 24, 2008.

Catherine T. Miller, Altoona, for appellant.

Kathy J. Mauk, Hollidaysburg, for appellee.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The D.R. Burket Trust (Trust) appeals from an order of the Court of Common Pleas of Blair County that denied the Trust's motion for post-trial relief following the trial court's order granting permanent injunctive relief to the Greenfield Township Municipal Authority (Authority). The trial court ordered the Trust to allow the Authority or its designated contractor to enter upon the Trust's property on Bedford Street in Claysburg to make a lawful connection to the public water system in Greenfield Township (Township). The Trust raises the following: whether the public interest is served where the Authority enforces connection when a citizen is allergic to chlorine in public water and whether an applicable municipal code grants the water authority enforcement powers when a township has no ordinances granting the water authority power to enforce township ordinances.

The trial court's opinion and order adopted the procedural and factual history of an earlier opinion in which it denied preliminary injunctive relief to the Authority. The trial court found that Township Ordinance 03–03, the Greenfield Township Water Supply System Ordinance as Amended (Ordinance), specifically confers upon the Authority the right to enter upon the premises of any resident who refuses to connect to the water system.[1] The Authority sent notice on July 15, 2004, with a follow-up letter on March 31, 2005, stating that it would connect if the Trust did not do so by June 1, 2005, and a letter on June 20, 2005, stating that a construction company would make the connection. The

---

1. Section 301 of the Ordinance, headed "Connection Required," provides: "All property owners abutting water mains must make connection with and use the water system." Section 302, headed "Unlawful to Maintain Groundwater Supply System," provides that it shall be unlawful for any property owner who is required to connect to the water supply system under the Ordinance to construct or to maintain any other groundwater supply system, although persons with functioning wells at the time of connection may use them for purposes other than domestic use, including the washing of motor vehicles and similar items, watering livestock and watering shrubbery and plants, but they are required to use system-supplied water for human consumption. Section 305, headed "Authority May Perform Uncompleted Connection," provides: "In the event that any property owner fails to make the required connection within ninety (90) days of receiving notice by personal service or registered mail of the connection requirement, the Township or Authority shall be empowered to enter the subject property and perform the necessary work."

Trust's counsel sent a letter on July 3, 2007 prohibiting the Authority from entering without court order.

In a complaint in equity filed August 10, 2007, the Authority asserted that Section 2603 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, added by Section 1 of the Act of November 9, 1995, P.L. 350, 53 P.S. § 67603, provides that municipalities may require property owners to connect to and to use a public water system and may enter the property and make the connection if the owner refuses. The Authority averred that it needed to enter to make the connection but was concerned that the Trust would breach the peace; therefore, the Authority requested an order permitting it or a designated contractor to enter upon the Trust's property to make the connection.

In its answer and new matter the Trust averred that Donald Burket and Janet Burket, his wife, are the occupants and that to force them to connect to the public water system would be injurious to the health of Janet Burket. There was an attached exhibit, later offered and accepted at hearing subject only to a relevance challenge, which was a memo from Dr. Donald W. Bulger, the Burkets' primary care physician. He stated that Janet Burket suffers from a medical condition such that chlorine has an adverse effect on her health, which may be jeopardized if she is forced to use water supplied by the Authority. Reproduced Record 28a. Another exhibit confirmed that Janet Burket has been listed in the state's Pesticide Hypersensitivity Registry since 1998, which requires verification by a physician. The exhibits attached to pleadings were incorporated into the record along with other documents at the evidentiary hearing on September 4, 2007. The trial court held the record open for submission of documents by the Authority.

After the trial court's first order, the parties stipulated that the court could proceed to decide the pending motion for mandatory injunction based upon the record. The trial court stated that there was no question that the Authority was a duly created municipal authority nor that it had provided requisite notice and that the Trust had refused access. It referred to Section 2603 of The Second Class Township Code as providing that if any owner of property abutting the water system fails to connect with and use the system within ninety days after notice to do so has been served, the board of supervisors "or their agents" may enter the property and construct the connection. It concluded that the Authority was acting as the authorized agent of the Township to enforce the mandatory connection.

The trial court noted that neither the Ordinance nor The Second Class Township Code provides residents any exemption from the mandatory connection. The Trust had not challenged the validity of the Ordinance but asserted only that Janet Burket's health would be jeopardized by forcing a connection to the system; however, no expert medical testimony was offered as to the specific effect of chlorine on Janet Burket. Based on the evidence offered, the trial court was not satisfied that the Burkets had fully and adequately investigated options other than simply refusing to connect, mentioning for example reverse osmosis activated carbon filtration, which is one method of removing chlorine described in the Authority's submissions. The trial court recognized that regulating a water supply is a basic and legitimate government function and that mandatory connections to public utilities are classic examples of necessary social welfare regulations that respond to the increasing health and safety concerns of our modern society, citing *Citizens for Pers. Water*

*Rights v. Borough of Hughesville,* 815 A.2d 15 (Pa.Cmwlth.2002). The trial court agreed that to permit the Trust to refuse to connect to the system would undermine the purpose for which the system was created.

In its January 3, 2008 order denying post-trial relief, the trial court cited *Hatfield Township v. Lansdale Municipal Authority,* 403 Pa. 113, 168 A.2d 333 (1961); *Herbert v. Commonwealth,* 159 Pa. Cmwlth. 208, 632 A.2d 1051 (1993); and *Stern v. Halligan,* 158 F.3d 729 (3d Cir. 1998), as further support for its opinion and order of December 3, 2007. In *Hatfield* the Supreme Court concluded that a municipality's operation of its water supply system was permissible even if it would seriously and permanently impair private owners' well water supply, where the municipal system would satisfy those owners' needs in substitution. In *Herbert* this Court interpreted provisions of Section 1202 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 46202, that authorize boroughs to provide water supplies and to require abutting owners to connect to the system, and the Court upheld an ordinance requiring mandatory connection.

■ In *Citizens for Pers. Water Rights* the Court found persuasive the precedent of *Stern,* where a New Jersey municipal ordinance required owners to connect to a municipal water supply and to permanently disconnect from their well water supply. In the owners' suit challenging constitutionality, the Third Circuit Court of Appeals affirmed the District Court's grant of summary judgment in favor of the municipality, stressing that when general economic and welfare legislation is claimed to violate substantive due process it should

be struck down only when it does not meet a minimum rationality standard, which is " 'whether the law at issue bears any rational relationship to any interest that the state legitimately may promote[.]' " *Citizens for Pers. Water Rights,* 815 A.2d at 21 (quoting *Stern,* 158 F.3d at 731). In *Stern* the court held that the plaintiffs did not meet their burden. Protecting the health, safety and general welfare of township inhabitants is in the public interest, and regulating water supply is a legitimate governmental activity. A legislature could rationally conclude that a public water supply is the safest and simplest solution for its citizens as a whole, without proof that the wells were dangerous and even if the plaintiffs could prove that their well water was safe.[2]

■ The Court turns first to the Trust's second issue, *i.e.,* whether the municipal code grants a water authority enforcement powers where the township has no ordinances granting an authority the power to enforce township ordinances, because the Trust's success on this point would be determinative. Claiming a case of first impression, the Trust points out that Section 1601(c.1)(4) of The Second Class Township Code, 53 P.S. § 66601(c.1)(4), provides that "[o]rdinances may be enforced by a township through an action in equity brought in the court of common pleas of the county where the township is situate." It notes that there is no similar provision for ordinances to be enforced by a municipal authority through an action in equity, and it asserts that the Authority has no power to enforce the Ordinance through an action in equity under the Ordinance or under the Code.

---

**2.** The Court's review of an order granting a permanent injunction is whether the trial court committed an error of law. *Buffalo*

*Township v. Jones,* 571 Pa. 637, 813 A.2d 659 (2002).

The Authority stresses Section 2603, which provides that if any owner of property abutting the water system fails to connect with and use the system within ninety days after notice to do so, "the board of supervisors or their agents may enter the property and construct the connection." The Authority points out the Court's holding in *Vernon Township Water Authority v. Vernon Township*, 734 A.2d 935 (Pa.Cmwlth.1999), that a duly created municipal authority becomes an independent agency of the Commonwealth, not subject to the control of the incorporating township. The Court indicated that although a municipal water authority had power to expand and maintain the water lines, it had no independent power to require connection.[3] The Authority argues that a township may act through agents to enforce the mandatory connection.

The Court observes that the trial court's opinion on the preliminary injunction adopted the reasons set forth in the Authority's brief on this issue. Those reasons are:

> The Greenfield Township Municipal Authority is responsible for providing municipal water to those connected to the public water system. The Authority is authorized by the Ordinance and the relevant statutory provisions to bill the customers, and enforce as the agent of the Township the Mandatory Connection Ordinance adopted by the Greenfield Township Supervisors.

Brief in Support of Preliminary Injunctive Relief and Complaint, Certified Record, Item # 11, p. 4. The Court agrees that pursuant to Section 2603 and the Ordinance, the Authority is acting as the agent of the Township with regard to operation and management of the water system, including efforts to enforce the mandatory connection provision.[4] The Authority does not claim power to enforce Township ordinances generally, but based upon The Second Class Township Code and the Ordinance it has authority to enforce the mandatory connection requirement. As such, the Authority is empowered to bring the present action in equity, which is simply an extension of its efforts as the Township's agent to secure a connection.

■ The Court now turns to the Trust's first stated question of whether the public interest is served by enforcing connection when a citizen is allergic to chlorine in public water. The Trust states that this is not a case such as *Stern*, where the court held that for alleged violations of substantive due process the only question is whether the law at issue bears any rational relationship to any interest that the state may legitimately promote, and added that simple unfairness will not suffice to invalidate the law. The Trust asserts, however, that this case is not about property rights or due process. It is about a 71–year–old woman's medical condition that causes her health, safety and general welfare to be compromised and unprotected if she is forced to use the public water system.

---

3. The Authority states that Section 2601, 53 P.S. § 67601, specifically authorizes township supervisors to contract with any municipal corporation to provide water for public and private use. The Court notes that Section 2601(a) expressly refers to "any adjacent municipal corporation owning a waterworks system...."

4. The Court observes that Section 102 of the Ordinance, relating to "Purpose," enumerates

in subsection (4): "To further define the relationship between the [sic] Greenfield Township and the Greenfield Township Municipal Authority with respect to a contract and lease agreement under which the Greenfield Township Municipal Authority will assume responsibility for the water supply system." Reproduced Record 8a.

The Trust maintains that the precedent-setting cases do not address protection for people with medical needs that will be compromised by connecting to a public water system or balance a person's private health, safety and welfare interest with the general public's interest. It asks the Court to carve an exception to the general policy.

■ The Authority in response notes that the Ordinance does not provide for any residents to be exempted from the mandatory connection and that The Second Class Township Code does not provide for an exemption. An ordinance that gives some but not all property owners the option to connect to the water system violates the authorization language of Section 2603, but one that requires all abutting owners to connect does not. *Sharp v. Conewago Township*, 833 A.2d 297 (Pa. Cmwlth.2003). Accordingly, there is no basis in law to exempt the Trust. Furthermore, the Trust has failed to establish any specific symptoms from which Janet Burket suffers as a result of exposure to chlorine. Donald Burket admitted that no testing has been done that establishes a causal connection between her problem and chlorine. The doctor's office and the local grocery store that she has patronized have public water, but she has never suffered a reaction from visiting those establishments. Even if the Court were prepared to entertain an exception, the facts here do not establish a case of rare and extreme medical needs. In rebuttal to the Trust's exhibits, the Authority submitted numerous exhibits confirming that activated carbon will effectively remove chlorine from public water. *See* Supplemental Reproduced Record (S.R.R.) 3b–58b.

■ Based on this record, the Court concludes that the trial court's order must be affirmed. Section 2603 of The Second Class Township Code provides in part:

"The board of supervisors may by ordinance require that abutting property owners of a water system provided by the township or a municipality authority or a joint water board connect with and use the system." Pursuant to this authority, the Ordinance requires "[a]ll property owners abutting water mains" to connect to and to use the public water supply. *See* n2 above. Neither legislative enactment provides for an exception. The plain language of a statute generally provides the best indication of legislative intent. *Commonwealth v. McClintic*, 589 Pa. 465, 909 A.2d 1241 (2006). The fashioning of an exception by the courts could hardly be described as following the legislative intent as disclosed by the plain language.

The trial court correctly determined that the Trust did not establish that the only option available is for the Burkets to use the chlorinated public water or to move. Donald Burket stated that he placed two telephone calls to suppliers of filters and received brochures, which were admitted. S.R.R. 59b–70b. The Trust offered no expert testimony to show that chlorine cannot be removed from water received from a public water supply. The Authority submitted materials describing methods for effectively removing chlorine. S.R.R. 3b–58b. Under *Citizens for Pers. Water Rights*, mandatory connection ordinances are classic examples of necessary social welfare regulations, and a property owner seeking an exception at a minimum must show a compelling need. The Trust made no such showing.

■ Lastly, the Court turns to an assertion raised by the Authority in its brief that it should be awarded counsel fees for a frivolous appeal. It notes that Pa. R.A.P. 2744 provides that reasonable counsel fees may be awarded if the Court determines that an appeal is "frivolous or taken solely for delay or that the conduct

of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." A frivolous appeal has been defined as one lacking any reasonable basis in law or in fact. *Smith v. Pennsylvania Board of Probation and Parole,* 524 Pa. 500, 574 A.2d 558 (1990).

■ An award of counsel fees is not warranted here. The Trust did not base its appeal solely on a challenge to a credibility determination made by a trial court, as was the case in *Postgate v. Department of Transportation, Bureau of Driver Licensing,* 781 A.2d 276 (Pa.Cmwlth.2001). The parties have not cited and the Court has not found cases addressing the precise questions presented in this appeal. In general, an appeal presenting issues of first impression is per se not frivolous. *E–Z Parks, Inc. v. Philadelphia Parking Authority,* 110 Pa.Cmwlth. 629, 532 A.2d 1272 (1987) (holding that appeal was not frivolous given lack of case law and novelty of issues even though resolution turned on settled principles of statutory construction). Although the Trust has not prevailed, the Court concludes that the appeal was neither frivolous nor taken solely for delay. Accordingly, the order of the trial court is affirmed, but the Authority's request for counsel fees is denied.

### O R D E R

AND NOW, this 24th day of October, 2008, the order of the Court of Common Pleas of Blair County is affirmed. The request by the Greenfield Township Municipal Authority for counsel fees pursuant to Pa. R.A.P. 2744 is denied.