# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Greencastle Area Franklin : 
County Water Authority, : 
              Appellant : 
               : 
        v. : No. 204 C.D. 2015
          : Argued: September 14, 2015
Mary Ann Young : 
and Fred M. Young, III, h/w, : 
and Thomas J. Moore : 
and Deborah J. Moore, h/w : 

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
              HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION BY**
**SENIOR JUDGE COLINS**                **FILED: October 23, 2015**

Greencastle Area Franklin County Water Authority (Authority) appeals from an order of the Court of Common Pleas of the 39th Judicial District, (Franklin County Branch) (Trial Court) granting the motions for summary judgment filed by Mary Ann Young and Fred M. Young, III (the Youngs) and Thomas J. Moore and Deborah J. Moore (the Moores) (collectively, the Property Owners) and denying the Authority's motion for summary judgment. In this matter, the Authority filed suit in the Trial Court seeking an injunction to compel the Property Owners to connect to an extension of the water system abutting their properties. We conclude that the Property Owners were exempt from mandatory

connection to the water system pursuant to Section 2603(b) of the Second Class Township Code (Code)[1] and accordingly affirm the order of the Trial Court.

The facts in this matter are not in dispute. The Youngs own and reside at 569 Lynn Drive in Greencastle, Pennsylvania (Young Property) and the Moores own and reside at 11634 Kimberly Drive in Greencastle, Pennsylvania (Moore Property). (Am. Compl. ¶¶2, 3, Reproduced Record (R.R.) at 84a.) The Young Property and Moore Property are located within the same residential development in Antrim Township (Township).

In 2000, the Board of Supervisors of the Township entered into a contract with the Authority to provide water systems in certain areas of the Township. (Am. Compl. ¶7, R.R. at 85a.) That same year, the Board of Supervisors enacted Ordinance No. 266 of 2000 (Ordinance), which compelled property owners in the Township to connect to water systems abutting their properties pursuant to Section 2603 of the Code. (Am. Compl. ¶6, Exhibit A: Ordinance, R.R. at 85a, 93a-102a.) The Ordinance provided in relevant part:

> A. The Owner of any Improved Property as defined in 143-1, supra., abutting the water system and whose principal building is within 150 feet of the water system, shall connect such Improved Property with such Main and shall use such Water System, in such manner as the Authority may require, within 90 days after notice to such Owner from the Township or the Authority to make such connection; subject, however to such limitations and restrictions as shall be established herein or otherwise shall be established by the Township or the Authority, from time to time.
>
> ...

_____

[1] Act of May 1, 1933, P.L. 103, *added by* Act of Nov. 9, 1995, P.L. 350, *as amended*, 53 P.S. § 67603(b).

E. The notice by the Township or the Authority to make a connection to a Main, referred to in Section 143-2(A) shall consist of a copy of this Chapter, including any amendments and/or supplements at the time in effect, or a summary thereof, and a statement requiring the connection in accordance with the provisions of this Chapter and specifying that such connection shall be made within 90 days after the date such notice is given or served. Such notice shall also state that failure to connect within the 90 days shall result in the Board of Supervisors or their agents entering upon the property and constructing the connection at the owner's expense. Such notice may be given or served at any time after the appropriate Main or Lateral is in place that can deliver water to the particular Improved Property. Such Notice shall be given to or served upon the Owner by personal service or by registered mail to his last known address, or by such other means as shall be permitted by law.

(Ordinance § 143-2(A), (E), R.R. at 96a-97a.)

In 2007, the Authority completed construction of the "Hess Line," an extension of the main water line that abutted the Young Property and the Moore Property and was within 150 feet of the principal buildings on those properties. (Am. Compl. ¶¶9, 11-12, R.R. at 86a.) During an April 10, 2007 meeting of the Board of Supervisors of the Township, Fred Young addressed the Supervisors on behalf of the owners of the properties abutting the Hess Line and raised the owners' concerns regarding the presumed mandatory connection requirement that the completion of the Hess Line would entail. (Moore Answer and New Matter, Exhibit D-1: Minutes of April 10, 2007 Township Board of Supervisors Meeting at 1-2, R.R. at 26a-27a.) Following a discussion of other water main extension projects within the Township, the Supervisors passed Resolution No. 156, in which they "agree[d] to grant a waiver exemption from connection to public water...for ten homeowners along Kimberly Drive and Lynn Drive through proper legal

3

proceedings that, if possible, may require a revised ordinance." (*Id*. at 2, R.R. at 27a.)

Although the Hess Line was completed in 2007, the Authority did not send out notices to connect to the Property Owners until May 25, 2011. (Am. Compl. ¶14, Exhibit B: Notices to Connect (Notices), R.R. at 86a, 104a-107a.) The notices indicated that pursuant to Section 143-2(E) of the Ordinance, "you are hereby notified that you must connect your residence...to the water lateral of the public water system of [the Authority] within ninety (90) days of the date that this Notice is served upon you." (Notices, R.R. at 105a, 107a.) The notices advised the Property Owners that failure to connect would result in the Authority entering their property and building the connection itself, but offered the Property Owners the option of signing an agreement to promise to connect before July 1, 2019. (Notices, R.R. at 104a-107a.)

In August 2011, the Property Owners informed the Authority by letter that they would not connect to the Hess Line or execute the agreement promising to connect. (Am. Compl. ¶¶17, 18, Exhibits C and D, R.R. at 87a, 109a, 111a-112a.) The Authority filed a complaint against Mary Ann Young and the Moores on November 7, 2011 seeking an injunction to compel connection to the Hess Line in accordance with the Ordinance and Section 2603 of the Code. After Fred Young was added to the deed for the Young Property, the Authority amended its complaint on May 1, 2013 to name the Youngs jointly, along with the Moores. The Property Owners filed answers and new matters and following the close of discovery, the Authority and the Property Owners filed cross motions for summary judgment.

4

In their summary judgment motions, the Property Owners set forth two arguments for why they were exempt from mandatory connection to the water system. First, the Property Owners argued that they were exempted from connection by Resolution No. 156 of the the Township Board of Supervisors. The Property Owners asserted that Resolution No. 156 was authorized by the Ordinance, which states that the mandatory connection requirement is "subject...to such limitations and restrictions as shall be established...by the Township or the Authority, from time to time." (Ordinance § 143-2(A), R.R. at 96a.)

Second, the Property Owners argued that they were exempted by Section 2603(b) of the Code, which was added by the Act of July 4, 2008, P.L. 284, and became effective on September 2, 2008. Section 2603(b) provides:

> (b) A property owner who, after the effective date of this subsection, is subject to mandatory connection pursuant to subsection (a)(1), shall not be required to connect to the water system pursuant to that subsection if all of the following conditions exist:
>
>> (1) The water system or part or extension of the system that is within one hundred fifty feet of the principal building was in existence on the effective date of this subsection.
>>
>> (2) The principal building has its own supply of water which is safe for human consumption.
>>
>> (3) Prior to the effective date of this subsection, the property owner was not required to connect to the existing system.

53 P.S. § 67603(b). The Property Owners argue that they meet each of the three criteria for the Section 2603(b) statutory exemption because (i) the Hess Line was completed in 2007 prior to the effective date of this provision, (ii) the water in the

Property Owners' wells has been tested to show that it is safe for human consumption,[2] and (iii) the Property Owners were not required to connect until May 25, 2011 when the notices to connect were issued, which was after the effective date of subsection (b).

The Authority argued in its summary judgment motion that the Property Owners met all of the requirements for mandatory connection under the Ordinance and Section 2603 because they owned property abutting the Hess Line, the principal buildings on the Young Property and Moore Property were within 150 feet of the Hess Line and the Property Owners had received notices to connect. The Authority contended that the Property Owners were not exempted from connection pursuant to Resolution No. 156 because Section 2603 does not permit township ordinances to authorize selective exemptions of properties. Finally, the Authority argued that the Property Owners could not claim the statutory exemption of Section 2603(b) because the Property Owners were legally obligated to connect when the Hess Line was completed in 2007 and the Section 2603(b) exemption only applies to properties that were "required to connect" after September 2, 2008.

The Trial Court granted the Property Owners' summary judgment motions and denied the Authority's summary judgment motion. In an opinion by Judge Angela R. Krom, the Trial Court first rejected the Property Owners' argument that they were specifically exempted by Resolution No. 156, observing that in cases decided prior to the 2008 amendment this Court held that "[a]n ordinance that gives some but not all property owners the option to connect to the water system violates the authorization language of Section 2603, but one that

---

[2] The Property Owners produced the results of water tests for their wells during discovery. (*See* Moore Summary Judgment Motion, Exhibits A and B, R.R. at 155a-161a; Young Summary Judgment Motion, Exhibit B, R.R. at 338a-339a.)

6

requires all abutting owners to connect does not." *Greenfield Township Municipal Authority v. D. R. Burket Trust*, 959 A.2d 522, 527 (Pa. Cmwlth. 2008); *see also Sharp v. Conewago Township*, 833 A.2d 297, 301 (Pa. Cmwlth. 2003); *Vernon Township Water Authority v. Vernon Township*, 734 A.2d 935, 938 (Pa. Cmwlth. 1999). Therefore, the Trial Court concluded that the language of the Ordinance that purports to allow the Township to limit the effect of the mandatory connection requirement was contrary to the version of Section 2603 in effect at the time the Ordinance was enacted and Resolution No. 156 was without legal effect.

Turning to the statutory exemption added in 2008 as subsection (b) of Section 2603, the Trial Court concluded that there was no dispute that the first criteria for the exemption under paragraph (1) of subsection (b) was met because the "water system...that is within one hundred fifty feet of the principal building was in existence on the effective date of this subsection." 53 P.S. § 67603(b)(1). The Trial Court also concluded that the second condition was satisfied because the Property Owners had submitted evidence that their well water was safe for human consumption and the Authority had not challenged this evidence.

The Trial Court thus determined that the only dispute was whether the Property Owners satisfied paragraph (3) of subsection (b) which requires that "[p]rior to the effective date of this subsection, the property owner was not required to connect to the existing system." 53 P.S. § 67603(b)(3). Because there was no case law interpreting Section 2603 after the 2008 amendment or any analogous provision[3] and no legislative history addressing this issue, the Trial Court looked to the Ordinance to determine the meaning of the phrase "required to

---

[3] The Borough Code was amended in 2012 to include an identical statutory exemption, *see* 8 Pa. C.S. § 2461, but no cases have been decided analyzing this provision.

7

connect." The Trial Court held that the Ordinance, which provides that property owners "shall use such Water System, in such manner as the Authority may require, within 90 days after notice to such Owner from the Township or the Authority to make such connection," (Ordinance § 143-2(A)), by its plain text requires that a notice must be issued before a property owner is "required to connect" to the water line. The Trial Court noted that the Authority may have had many valid reasons to wait until May 2011 to issue the notices, but concluded that by not issuing the Notices until after the effective date of the amendment to Section 2603 the Authority allowed the Property Owners to become eligible for the Section 2603(b) exemption. The Authority appealed the denial of its summary judgment motion and grant of the Property Owners' summary judgment motion to this Court.[4]

We affirm the well-reasoned opinion of the Trial Court. The only issue in this appeal is whether the Property Owners met the third prong of the Section 2603(b) statutory exemption in that they were "not required to connect to the existing system" prior to September 2, 2008, when the amendment adding the exemption went into effect. 53 P.S. § 67603(b)(3). The Authority argues that the Trial Court opinion was inconsistent and illogical because it struck the selective exemption language in the Ordinance as contrary to Section 2603 while at the same

---

[4] Our standard of review of a trial court's order granting summary judgment is *de novo*, and our scope of review is plenary. *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Pa. R.C.P. No. 1035.2(1); *Pyeritz*, 32 A.3d at 692; *Royal v. Southeastern Pennsylvania Transportation Authority*, 10 A.3d 927, 929 n.2 (Pa. Cmwlth. 2010). We review the record in the light most favorable to the nonmoving party, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *LJL Transportation, Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647 (Pa. 2009); *Royal*, 10 A.3d at 929 n.2.

time giving effect to the Ordinance's requirement of notice to determine when the Property Owners were "required to connect." However, simply because one portion of the Ordinance cannot be given legal effect does not mean that the entire Ordinance must be disregarded. The Ordinance provides that if any part of the Ordinance is rendered invalid then this invalidity shall not affect or impair the remaining portions of the Ordinance. (Ordinance § 143-9, R.R. at 101a.) This interpretation is consistent with our rules of statutory construction, which require that individual portions of a statute rendered invalid be severable from the whole except where the invalid portions are so essential and inseparable that application of the remainder of the statute cannot be accomplished in accordance with legislative intent. 1 Pa. C.S. § 1925; *Coppolino v. Noonan*, 102 A.3d 1254, 1279 (Pa. Cmwlth. 2014) (*en banc*); *see also O'Connor v. City of Philadelphia Board of Ethics*, 105 A.3d 1217, 1230 (Pa. 2014) (noting that courts should look to the Statutory Construction Act of 1972 when interpreting local laws in addition to state statutes).

The Trial Court properly looked to the requirement in the Ordinance of connection and use of the water system "within 90 days after notice to such Owner from the Township or the Authority to make such connection" to determine the date a property owner was "required to connect" for the purposes of the Section 2603(b) exemption. The notice requirement does not conflict with any portion of Section 2603, including this Court's holding in prior cases that a township ordinance may not permit selective exemptions. *See D. R. Burket Trust*, 959 A.2d at 527; *Sharp*, 833 A.2d at 301; *Vernon Township Water Authority*, 734 A.2d at 938. In fact, Section 2603(f)(1) expressly contemplates that notice would be required to property owners:

9

> If any property owner required under subsection (a) to connect with and use the system fails to do so within ninety days after notice to do so has been served by the board of supervisors, the board of supervisors or their agents may enter the property and construct the connection.

53 P.S. § 67603(f)(1). Mandating notice prior to a property owner being deemed to have been "required to connect" to the water system is also consistent with general principles of due process which require that an individual receive notice and an opportunity to be heard prior to the deprivation of a property right. *Commonwealth v. Turner*, 80 A.3d 754, 764 (Pa. 2013).

The Authority further argues that the Trial Court's interpretation of Section 2603(b) would allow townships or municipal water authorities to selectively exempt property owners by not issuing a notice, contrary to decisions of this Court. In this case, however, there is no question that the Authority served notices to connect on the Property Owners and intends to enforce the mandatory connection requirements in the Ordinance on the Property Owners. Thus, the hypothetical question of whether or not a township or water authority could evade the prohibition on selective exemption by not issuing notices to properties that otherwise would be subject to mandatory connection is a matter not presently before this Court.

Finally, the Authority argues that the issuance of the notices was solely a ministerial act to establish the date for physical connection and that sending out staggered notices was necessary to ensure an orderly connection process. While the Authority may have had practical reasons to delay issuing the notices to connect until May 2011, we agree with the Trial Court that the Authority's rationale is immaterial to our analysis. The focus in this appeal is solely whether the Property Owners qualify for the statutory exemption because

10

they were required to connect after September 2, 2008. Having concluded that the Property Owners were not required to connect until May 2011 within the meaning of Section 2603(b)(3), we affirm the Trial Court's order granting summary judgment in favor of the Property Owners.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Greencastle Area Franklin : 
County Water Authority, : 
           Appellant : 
            : 
        v. : No. 204 C.D. 2015
           : 
Mary Ann Young : 
and Fred M. Young, III, h/w, : 
and Thomas J. Moore : 
and Deborah J. Moore, h/w : 


# **O R D E R**


AND NOW, this 23rd day of October, 2015, the order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) granting Appellees' motions for summary judgment in the above matter is AFFIRMED.


                 _____

                 JAMES GARDNER COLINS, Senior Judge